2004 ND 211

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Tracy Lee HAYEK, Defendant and Appellant.**

No. 20040098.

Supreme Court of North Dakota.

Nov. 19, 2004.

Richard E. Edinger (argued), Fargo, N.D., for defendant and appellant.

Lisa K. McEvers (argued), Assistant State's Attorney, Sarah M. Nyhus–Wear (appeared), third-year law student, Fargo, N.D., for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Tracy Hayek appeals from the trial court's criminal judgment and commitment entered after a jury convicted her for possession of a controlled substance with intent to deliver, possession of marijuana paraphernalia, and possession of marijuana. We affirm the convictions.

I

[¶ 2] On September 9, 2003, probation officers searched Hayek's home. Hayek was not home when the search began. During the search, Hayek arrived at the apartment holding a black purse and a bag that she dropped when the officers opened her door. Inside the purse, officers found several small baggies of methamphetamine. The purse also contained Hayek's North Dakota Medicaid card and her children's Social Security cards. The other bag did not contain drugs. The officers also found marijuana and marijuana paraphernalia inside the apartment. At trial, Hayek did not dispute the facts, but presented several witnesses to support her claims that the methamphetamine and the black purse were her sister's, and the marijuana and paraphernalia were her mother's.

[¶ 3] The jury returned a guilty verdict for possession of a controlled substance with intent to deliver, possession of marijuana paraphernalia, and possession of marijuana. Hayek appealed from the judgment of convictions.

II

[¶ 4] On appeal, Hayek argues she was denied effective assistance of counsel because her attorney did not stipulate to her prior drug conviction before trial and did not object to character evidence against her. The State argues Hayek's attorney was a zealous advocate for her at trial and allowing the prior drug

conviction in as evidence was part of his trial strategy.

[¶ 5] We have recently outlined the standard for reviewing an ineffective assistance of counsel claim on direct appeal:

> To establish an ineffective assistance of counsel claim, the defendant must show the representation fell below an objective standard of reasonableness and there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. Generally, ineffective assistance of counsel claims should be raised in post-conviction proceedings, during which an evidentiary record can be made. However, we examine the entire record when an ineffective assistance of counsel claim is raised on direct appeal. A conviction will not be reversed unless the record reveals the assistance of counsel was plainly defective and requires such reversal.

> Unless the record affirmatively shows ineffectiveness of constitutional dimensions, the defendant must provide the court with some evidence in the record to support the claim. Some form of proof is required, and the representations and assertions of new counsel are not enough.... [W]ithout a record scrutinizing the reasons underlying counsel's conduct, adjudging it subpar is virtually impossible.

*State v. Causer*, 2004 ND 75, ¶ 19, 678 N.W.2d 552 (citations and quotations omitted).

[¶ 6] In *State v. Strutz*, 2000 ND 22, 606 N.W.2d 886, Strutz directly appealed his conviction, arguing ineffective assistance of counsel asserting his attorney failed to object to the prosecutor's statements referring to him as a burglar and his counsel elicited prior crimes' evidence during his direct examination. *Id.* at ¶ 24. We stated:

> The record before us was developed to prove the offenses with which Strutz was charged, not for his ineffective assistance claim; therefore, we are not able to discern from the record whether trial counsel's decision to elicit testimony from Strutz about his prior conviction was truly ineffective assistance or a legitimate trial strategy. The same is true for trial counsel's failure to object to the prosecutor's improper statements and questioning regarding other uncharged burglaries. Thus, based on this record, Strutz cannot establish that his trial counsel's conduct fell below an objective standard of reasonableness or that it is reasonably probable the result of his trial would have been different but for his counsel's alleged errors.

*Id.* at ¶ 27.

[¶ 7] In Hayek's case, her attorney referred to her prior conviction in his closing argument. He stated, "The kid's been on probation for a year and a half doing the best she can with an addictive situation." He continued, "When Miss Hayek pled guilty back in April, 2002 she had less than a half a gram of methamphetamine.... If you got enough to see or measure or take to the lab and examine, that's a felony. Doesn't matter." Like *Strutz*, this record does not establish whether not stipulating to the conviction before trial and not objecting to character witnesses were part of the legitimate trial strategy or ineffective assistance of counsel. *Id.* On this record, we cannot determine whether her attorney's conduct fell below the acceptable standard of reasonableness. Whether her representation fell below the acceptable standard of reasonableness is more properly pursued in a post-conviction relief proceeding.

### III

[¶ 8] Hayek argues the trial court abused its discretion when it allowed a

witness to testify her attorney was her boyfriend and currently living in her home. She argues the testimony made her attorney lose all credibility with the jury. The disputed testimony occurred during the State's cross-examination of a child protection worker Hayek had called to testify. During the cross-examination, the following exchange occurred when the witness was asked about her knowledge of Hayek's living situation:

Q. And who lives in that house?

[Hayek's attorney]: Objection. May we approach?

The Court: Yes.

Both counsel approached and a discussion off the record was held, after which the State's cross-examination continued:

Q. Ms. Johnson, what family members of Tracy Hayek live with her that you're aware of?

A. That I'm aware of. She's got her daughter [V.] and son [H.] and she has a boyfriend, [her attorney], and I don't know for sure if Kelly is living there, the sister.

Hayek's attorney did not object to the witness's answer. After the testimony of two more witnesses, Hayek's attorney moved for a mistrial.

[¶ 9] We have outlined the necessary steps to preserve an issue for appeal:

A touchstone for an effective appeal on any proper issue is that the matter was appropriately raised in the trial court, so the trial court could intelligently rule on it. *State v. Freed,* 1999 ND 185, ¶ 13, 599 N.W.2d 858. In *Freed,* we explained under Rule 103(a)(1), N.D.R.Ev., "error may not be predicated upon a ruling which admits ... evidence unless a substantial right of the party is affected, and ... a timely objection or motion to strike appears of record, stating the specific ground of objection, if

the specific ground was not apparent from the context." *Id.* A party must object at the time the alleged error occurs, so the trial court may take appropriate action if possible to remedy any prejudice that may have resulted. *City of Fargo v. Erickson,* 1999 ND 145, ¶ 22, 598 N.W.2d 787 (Sandstrom, J., concurring). Failure to object acts as a waiver of the claim of error. *Id.*

*State v. Bell,* 2002 ND 130, ¶ 9, 649 N.W.2d 243.

[¶ 10] Here, the State asked a specific question regarding family members living in Hayek's household. The witness responded with more information than was requested. Hayek failed to object to the nonresponsive portion of the witness's answer. Hayek did not notify the trial court of the error until two witnesses later. We have held that the failure to object at trial operates as a waiver of any claimed error. *State v. Anderson,* 2003 ND 30, ¶ 7, 657 N.W.2d 245. Because Hayek did not object to the answer when it occurred and allow the trial court an opportunity to rule on it, the claim of error has been waived. The issue was not properly preserved for appeal. Accordingly, the trial court did not err.

IV

[¶ 11] During oral argument, Hayek raised the issue of prosecutorial misconduct. Hayek did not brief the issue of prosecutorial misconduct to this Court, or raise it below. Because this issue was not briefed or raised below, we will not consider it on this appeal. *State v. Maurstad,* 2002 ND 121, ¶ 39, 647 N.W.2d 688.

V

[¶ 12] We affirm the criminal judgment and commitment.

[¶ 13] Gerald W. Vande Walle, C.J., Mary Muehlen Maring, Carol Ronning Kapsner, and Dale V. Sandstrom, JJ., concur.