2008 ND 156

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Laurie Marie KEENER, Defendant and Appellant.**

**State of North Dakota, Plaintiff and Appellee**

v.

**Asa Kim Keener, Defendant and Appellant.**

Nos. 20070252, 20080016, 20070265.

Supreme Court of North Dakota.

Aug. 28, 2008.

464

Rozanna Christine Larson, Assistant State's Attorney, Minot, N.D., for plaintiff and appellee.

Robert Wade Martin, North Dakota Public Defenders' Office, Minot, N.D., for defendant and appellant Laurie Marie Keener.

Thomas M. Tuntland, Mandan, N.D., for defendant and appellant Asa Kim Keener.

VANDE WALLE, Chief Justice.

[¶ 1] Laurie and Asa Keener appealed criminal judgments entered after a jury found each of them guilty of two counts of criminal conspiracy. Laurie Keener also appealed an amended criminal judgment entered after the district court ordered restitution. We affirm the criminal judgments and amended criminal judgment, concluding the record on direct appeal is inadequate to permit review of the Keeners' claim of ineffective assistance of counsel, the district court did not commit obvious error in admitting deposition testimony of Marvin and Florence Whisker, the Keeners waived their right to a preliminary hearing on an amended charge for a class B felony of conspiracy to exploit a vulnerable adult, and the district court did not abuse its discretion in ordering Laurie Keener to make restitution to the victims.

## I

[¶ 2] In September 2005, Laurie and Asa Keener were each charged with conspiracy to exploit a vulnerable adult, a class B felony, and conspiracy to commit theft of property, a class B felony. They were accused of conspiring to steal money from Laurie Keener's elderly parents, Marvin and Florence Whisker. Laurie and Asa Keener were represented by the same attorney.

[¶ 3] At an October 2005, preliminary hearing, the defendants called Marvin Whisker as a witness, and questioned him about the circumstances of the alleged crimes. The district court found there was probable cause for conspiracy to commit theft of property; however, the court concluded there was not probable cause to charge the Keeners with a class B felony for conspiracy to exploit a vulnerable adult, but there was probable cause to charge them with a class C felony for conspiracy to exploit a vulnerable adult.

[¶ 4] Asa Keener requested the court order Marvin Whisker be deposed with the deposition to be used for discovery purposes and at trial. The court granted the request and entered an order stating the request was made to perpetuate testimony. Marvin Whisker was deposed on December 12, 2005. The record in Laurie Keener's case does not reflect that she received notice of the deposition, and she did not personally attend the deposition.

[¶ 5] The court also granted the State's motion to take Florence Whisker's deposition to perpetuate testimony, and she was deposed on January 10, 2006, with Laurie and Asa Keener both present. The deposition was recorded by videotape and by a court reporter. During the deposition, the Keeners' attorney objected and asked the court to terminate the deposition because Florence Whisker's responses were unintelligible and she had to have questions asked several times. The parties and Florence Whisker's guardian advised the court of the situation, and the court denied the request to terminate the deposition.

[¶ 6] In November 2006, the State moved to amend the information, and an

amended information was filed. The amended information charged Laurie and Asa Keener with conspiracy to exploit a vulnerable adult, a class B felony, and conspiracy to commit theft of property, a class B felony. The Keeners did not respond to the motion. On January 29, 2007, the court held a pretrial conference and arraignments on the amended information. The court advised the Keeners of their rights, and advised them of the maximum penalties associated with the charges, including that both charges were class B felonies. The Keeners, with counsel, waived reading of the amended information, did not object to the amended information, and pled not guilty to the charges.

[¶ 7] During the jury trial, Marvin and Florence Whisker appeared as witnesses, but the court concluded they were both unavailable to testify because they both suffer from existing physical or mental illness or infirmity. The court allowed the State to read Marvin Whisker's deposition testimony to the jury, and allowed the State to play an edited version of Florence Whisker's videotaped deposition. The Keeners' attorney objected to the admission of Marvin Whisker's testimony arguing there was not notice that the deposition was to perpetuate testimony. The court permitted the transcript to be read after finding the court's order for the deposition stated it was to perpetuate testimony. The jury found the Keeners guilty of both charges.

[¶ 8] After the Keeners were sentenced, a separate restitution hearing was held, at which the Keeners were represented by separate counsel. The court ordered the Keeners to pay $109,921.03 in restitution, and their criminal judgments were amended to include the ordered restitution.

II

[¶ 9] Represented by separate counsel on appeal, the Keeners argue they were denied effective assistance of counsel because their trial attorney had a conflict of interest and divided loyalties. Asa Keener claims his attorney could not effectively pursue a viable defense to the conspiracy charges because pursuing that defense would have implicated Laurie Keener, who was also his attorney's client. Asa Keener contends his attorney should have argued he was not guilty of conspiracy because Laurie Keener made the financial arrangements with the Whiskers, Laurie Keener led him to believe her parents promised to reimburse their expenses and had authorized them to receive significant amounts of money for the Whiskers' care, and Laurie Keener duped or mislead him. Laurie Keener also argues she was denied effective assistance of counsel because her attorney had divided loyalties, however, she does not agree that she mislead or duped Asa Keener.

[¶ 10] The Sixth Amendment of the United States Constitution guarantees a defendant effective assistance of counsel, which includes assistance free from conflicts of interest. *See Holloway v. Arkansas*, 435 U.S. 475, 481, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). We generally assess ineffective assistance of counsel claims using the test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires a defendant to prove "(1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance." *State v. Schweitzer*, 2007 ND 122, ¶ 23, 735 N.W.2d 873 (quoting *Flanagan v. State*, 2006 ND 76, ¶ 10, 712 N.W.2d 602). However, unlike other Sixth Amendment ineffective assistance of counsel cases, which apply the *Strickland* standard, in

cases where the defendant alleges there was a conflict of interest due to multiple or joint representation, the defendant does not have to show there is a reasonable probability the result of the proceeding would have been different but for the counsel's unprofessional errors. *Mickens v. Taylor*, 535 U.S. 162, 166–68, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002). A defendant arguing ineffective assistance of counsel because of a conflict of interest caused by multiple or joint representation, who did not object to the joint representation, must show there was an actual conflict that adversely affected counsel's performance. *Id.* at 173–74, 122 S.Ct. 1237; *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

█ [¶ 11] The Keeners argue the district court did not comply with N.D.R.Crim.P. 44. In cases of joint representation, N.D.R.Crim.P. 44(b)(2) requires the court to inquire about the propriety of joint representation to ensure the defendants understand the possible dangers:

> The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

This provision of N.D.R.Crim.P. 44 became effective on June 1, 2006. When rules of procedure are amended or new rules are adopted they generally apply to pending actions, unless the application would not be feasible or would cause an injustice. *In re T.F.*, 2004 ND 126, ¶ 8, 681 N.W.2d 786. Rule 44(b)(2), N.D.R.Crim.P., was not effective when the Keeners were originally arraigned, however, it became effective while the case was pending and was effective when the Keeners were arraigned on the amended information. The district court did not inquire about the propriety of the joint representation during any of the proceedings, and therefore the court did not comply with N.D.R.Crim.P. 44.

█ [¶ 12] Rule 44, N.D.R.Crim.P., is derived from Fed.R.Crim.P. 44, and we may look to the federal courts' interpretation of the federal rule as a guide in interpreting our rule. *See In re B.B.*, 2007 ND 115, ¶ 7, 735 N.W.2d 855. The Advisory Committee comments to the federal rule state that a failure to comply with the rule by itself does not constitute reversible error. Federal courts have consistently held that the failure to comply with Fed. R.Crim.P. 44 by itself does not require reversal. *See United States v. Lachman*, 521 F.3d 12, 21 (1st Cir.2008); *United States v. Finlay*, 55 F.3d 1410, 1415 (9th Cir.1995); *United States v. Mooney*, 769 F.2d 496, 499 (8th Cir.1985); *United States v. Alvarez*, 696 F.2d 1307, 1309 (11th Cir.1983). We conclude a court's failure to advise co-defendants of the dangers of joint representation, as now required by N.D.R.Crim.P. 44(b)(2), does not, by itself, require reversal; rather there also must be a denial of the Sixth Amendment right the rule was designed to protect. Although the failure to comply with N.D.R.Crim.P. 44(b)(2) may not be automatic reversible error, we caution that trial courts must comply with their responsibilities under the rule to protect each defendant's right to counsel and to avoid, if possible, a retrospective determination of an actual conflict through appeal or through post conviction proceedings. The Keeners did not object to the joint representation, and therefore to succeed on their ineffective assistance of counsel claim, they must demonstrate there was an actual conflict and that conflict adversely affected their counsel's performance.

[¶ 13] This Court has often said an ineffective assistance of counsel claim should not be brought on direct appeal. *Schweitzer*, 2007 ND 122, ¶ 25, 735 N.W.2d 873; *State v. Ricehill*, 415 N.W.2d 481, 484 (N.D.1987). Ineffective assistance of counsel claims are best brought in a post-conviction relief proceeding where the parties are able to fully develop the record. *See Schweitzer*, at ¶ 25. When a claim is raised on direct appeal, we review the record to determine if counsel was plainly defective. *State v. Noorlun*, 2005 ND 189, ¶ 30, 705 N.W.2d 819. "'When the record on direct appeal is inadequate to determine whether the defendant received ineffective assistance, the defendant may pursue the ineffectiveness claim at a post-conviction proceeding where an adequate record can be made.'" *Schweitzer*, at ¶ 28 (quoting *State v. Strutz*, 2000 ND 22, ¶ 26, 606 N.W.2d 886).

[¶ 14] We are unable to determine from this record why certain trial strategies were used and whether there was an actual conflict that adversely affected counsel's performance. Furthermore, Laurie Keener fails to even allege how there was an actual conflict that adversely affected counsel's performance as it related to her. We conclude the record is not adequate to determine the Keeners' ineffective assistance of counsel claims. Those claims may be pursued in a post-conviction proceeding.

### III

[¶ 15] The Keeners argue it was obvious error for the court to allow the State to play Florence Whisker's videotaped deposition to the jury. They contend it is evident she was confused during the deposition, she did not understand the questions, and it was hard to understand her answers, and therefore the videotaped deposition should have been excluded be-cause she was suffering from a mental or physical illness or infirmity. They claim they were unable to properly cross-examine Florence Whisker, her testimony was highly prejudicial, and it allowed the jury to speculate as to what her answers may have been.

[¶ 16] The Keeners did not object at trial to the admission of Florence Whiskers' videotaped deposition. When defendants seek "'to take advantage of irregularities occurring during the course of a trial, either on the part of the court, the jury, the adverse parties, or anyone acting for or on their behalf, ... [they] must do so at the time the irregularities occur, in order that the court may take appropriate action, if possible, to remedy any prejudice.'" *State v. Jahner*, 2003 ND 36, ¶ 9, 657 N.W.2d 266 (quoting *Leake v. Hagert*, 175 N.W.2d 675, 690 (N.D.1970)). Because the Keeners did not object to admission of the evidence, our review is limited to that of obvious error under N.D.R.Crim.P. 52(b).

> In determining whether there has been obvious error, we examine the entire record and the probable effect of the alleged error in light of all the evidence, and the burden is upon the defendant to show the alleged error was prejudicial. An alleged error does not constitute obvious error unless there is a clear deviation from an applicable legal rule under current law. The Court will notice obvious error only in exceptional circumstances when the defendant has suffered a serious injustice.

*State v. Austin*, 2007 ND 30, ¶ 19, 727 N.W.2d 790 (citations omitted).

[¶ 17] In this case, the Keeners did not object to the admission of the videotaped deposition during the trial. Their attorney objected to Florence Whisker's testimony during the deposition because the attorney did not believe she was a competent wit-

ness, but at trial their attorney said he did not object to admission of the videotaped deposition testimony. The Keeners' attorney was also given an opportunity to review and edit the videotape before it was admitted. The jury viewed the videotape and was able to judge the witness's credibility. The Keeners have not demonstrated they suffered a serious injustice, and therefore we conclude the admission of the videotape was not an obvious error affecting the Keeners' substantial rights.

## IV

[¶ 18] Laurie Keener argues the court admitted Marvin Whisker's deposition testimony in violation of N.D.R.Crim.P. 15(f), and in violation of her Sixth Amendment right to confront and cross-examine witnesses against her. She contends that deposition was not for the purpose of perpetuating testimony. She also claims her Sixth Amendment right to confront and cross-examine witnesses was violated because she did not receive notice and was not present at the deposition.

[¶ 19] Laurie Keener's attorney objected to the admission of Marvin Whisker's deposition testimony at trial, arguing the deposition was not taken for the purpose of perpetuating testimony and therefore it should not be admitted at trial. Asa Keener requested Marvin Whisker be deposed, and the notice for the deposition states, "[s]aid deposition will be used for discovery purposes and at trial." The district court's order granting the request to depose Marvin Whisker states, "Defendant's request is made to perpetuate the testimony of Mr. Whisker and for discovery purposes." The Keeners did not object to the order. After considering the notice and order, the district court denied the objection at trial, concluding the deposition was to perpetuate testimony. We conclude the

district court did not err in deciding the deposition was to perpetuate testimony.

[¶ 20] A defendant has the right to confront adverse witnesses under the Confrontation Clause of the Sixth Amendment to the United States Constitution. In *Crawford v. Washington*, 541 U.S. 36, 59, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court held that the admission of out-of-court testimonial statements is prohibited ·and is a violation of the defendant's confrontation rights unless the witness is unavailable to testify at trial and the defendant had a prior opportunity to cross-examine the witness.

[¶ 21] Laurie Keener argues her Sixth Amendment confrontation rights were violated because Marvin Whisker's deposition testimony was admitted into evidence during the trial, she was not personally present at the deposition, and she did not have an opportunity to cross-examine the witness. Laurie Keener objected to admission of the deposition because it was not taken for the purpose of perpetuating testimony; she did not object to the admission of the testimony on the ground that the testimony violated her confrontation rights. This Court has said a defendant "'who fails to raise an appropriate objection at the trial court level waives [the] right and cannot raise the issue for the first time on appeal[,]' " including rights guaranteed by the constitution. *Jahner*, 2003 ND 36, ¶ 9, 657 N.W.2d 266 (quoting *State v. Palmer*, 2002 ND 5, ¶ 8, 638 N.W.2d 18). The failure to object to the· admission of statements raising a confrontation or *Crawford* claim in the proceedings below will limit appellate review of the issue. *See United States v. Vasilakos*, 508 F.3d 401, 411 (6th Cir.2007) (reviewing only for plain error where no objection to alleged violation of confrontation rights); *United States v. Luciano*, 414 F.3d 174, 178 (1st Cir.2005) (reviewing

confrontation claim for plain error because issue was not raised below); *United States v. Chau*, 426 F.3d 1318, 1321–22 (11th Cir. 2005) (objecting on hearsay grounds does not preserve *Crawford* issue, and appellate review of *Crawford* issue will only be for plain error when the issue is not properly preserved). *Cf. State v. Campbell*, 2006 ND 168, ¶ 13, 719 N.W.2d 374 (failure to subpoena forensic scientist as provided by statute, waived the ability to complain about confrontation violation). Because Laurie Keener did not object to the admission of Marvin Whisker's testimony on the ground of a violation of her confrontation rights, our review of this issue is limited to that of obvious error. *See Austin*, 2007 ND 30, ¶ 19, 727 N.W.2d 790 (this Court's review is limited to obvious error when a defendant fails to object to an irregularity occurring during trial).

[¶ 22] There is no dispute that Marvin Whisker was unavailable to testify at trial and that his statements are testimonial; rather, Laurie Keener claims his testimony should not have been admitted because she did not have an opportunity to cross-examine him at the deposition. While Laurie Keener was not personally present at the deposition, her attorney and Asa Keener were present, Laurie and Asa Keener argued a common defense at trial, and her attorney questioned Marvin Whisker at the deposition. Moreover, Laurie Keener was present at the preliminary hearing when Marvin Whisker testified, she had the opportunity to question him then, and her counsel asked Marvin Whisker questions similar to those asked at the deposition. Under these circumstances, we conclude Laurie Keener has not shown that the alleged error was prejudicial.

[¶ 23] Laurie Keener also argues the deposition could not be used at trial as testimony because it did not comply with N.D.R.Crim.P. 15(f), which generally re-quires that a defendant must be present at a deposition to perpetuate testimony or the deposition may be used only for discovery purposes. However, Laurie Keener did not object to the admission of the deposition on the basis that it did not comply with N.D.R.Crim.P. 15(f), because she was not present, and therefore our review of that claim on appeal is, like her *Crawford* claim, limited to that of obvious error. Under these circumstances, like her *Crawford* claim, we conclude Laurie Keener has not shown the error was prejudicial or that she suffered a serious injustice.

[¶ 24] We conclude the district court did not commit obvious error in admitting Marvin Whisker's deposition testimony at trial.

V

[¶ 25] The Keeners argue the State improperly amended the information. Although the Keeners were originally charged with two class B felonies, at the preliminary hearing the district court concluded there was only probable cause for a class C felony on the charge of conspiracy to exploit a vulnerable adult, rather than a class B felony. The State later amended the information, and again charged the Keeners with a class B felony for conspiracy to exploit a vulnerable adult. The Keeners contend that at the time of trial they were only charged with a class C felony on the exploitation charge.

[¶ 26] The purpose of a preliminary hearing is to determine whether there is probable cause for the charged offenses and to decide whether a trial should be held to determine the accused's guilt or innocence. *State v. Blunt*, 2008 ND 135, ¶ 15, 751 N.W.2d 692. The right to a preliminary hearing is statutory, and a defendant may waive that right unless the defendant objects to the information before entering his plea. *State v. Jensen*,

333 N.W.2d 686, 692 (N.D.1983). At the arraignment on the amended information, the Keeners were read their rights, they waived reading of the amended information, and the court informed the Keeners of the maximum penalties for each of the charges. The Keeners did not object to the amendment to the charge for exploitation of a vulnerable adult, or request a preliminary hearing on that amended charge. The Keeners entered not guilty pleas to the amended information. Section 29–09–02(3), N.D.C.C., states, "the fact that a preliminary examination was neither had nor waived does not invalidate an information unless the defendant objects to such information because of such fact before entering the defendant's plea[.]" Rule 12, N.D.R.Crim.P., requires a defendant make any allegations of defects in the information before trial, except claims that the information fails to invoke the court's jurisdiction or to state an offense. We conclude the Keeners waived their right to a preliminary hearing on the amended charge by pleading not guilty to the amended information, and were tried for a class B felony for conspiracy to exploit a vulnerable adult.

## VI

[¶ 27] Laurie Keener argues the district court abused its discretion in ordering restitution in excess of $100,000, because she does not have the ability to pay that amount and there was evidence the award would be injurious to the victims.

[¶ 28] The district court has authority to order a criminal defendant to pay restitution. N.D.C.C. § 12.1–32–08. In deciding whether to order restitution, the court must consider:

a. The reasonable damages sustained by the victim or victims of the criminal offense, which damages are limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action. . . .

b. The ability of the defendant to restore the fruits of the criminal action or to pay monetary reparations, or to otherwise take action to restore the victim's property.

c. The likelihood that attaching a condition relating to restitution or reparation will serve a valid rehabilitational purpose in the case of the particular offender considered.

N.D.C.C. § 12.1–32–08(1). The restitution amount should not exceed an amount the defendant can or will be able to pay. *Id.*

[¶ 29] Our review of a district court's decision whether to order restitution is limited to whether the court acted within the limits of the statute, which has also been described as an abuse of discretion standard. *State v. Bingaman*, 2002 ND 210, ¶ 4, 655 N.W.2d 57. " 'A [district] court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to à reasoned determination, or if it misinterprets or misapplies the law.' " *Id.* (quoting *State v. Kensmoe*, 2001 ND 190, ¶ 7, 636 N.W.2d 183).

[¶ 30] Laurie Keener does not dispute the amount of restitution owed to the Whiskers; rather she argues she does not have the ability to pay the ordered restitution and the amount of the restitution harms the victims because that amount of restitution award may be considered an asset under Medicaid provisions and may harm the Whiskers' eligibility for Medicaid.

[¶ 31] The district court acknowledged that the Keeners would probably never be able to pay the entire amount of restitu-

tion, but the court concluded that a failure to impose restitution would ignore the possibility the Keeners might find employment that would allow them to make some effort at restitution, and there was also the possibility that either one could inherit property or otherwise receive a financial windfall. The court considered Laurie Keener's argument that the award would harm the Whiskers, but found the argument was not persuasive because the Keeners were responsible for depleting the Whiskers' funds and the Keeners should be held responsible. The court also considered that the Keeners did not suggest a lesser amount of restitution, they only argued they should not have to pay any restitution, and the court said it would not guess at some lesser amount that the Keeners might be able to pay in the future.

[¶ 32] The district court considered the ability of both parties to pay, and determined restitution based on the evidence before it. Laurie Keener's argument that restitution will harm the victims is speculative. To be a countable asset for determining Medicaid eligibility, the asset must be "actually available" to an applicant. *Linser v. Office of Attorney Gen.*, 2003 ND 195, ¶ 7, 672 N.W.2d 643. Whether an asset is "actually available" is determined by "the applicant's actual and practical ability to make an asset available as a matter of fact, not legal fiction." *Id.* at ¶ 11. The court's restitution award will not necessarily result in the Whiskers' inability to receive Medicaid benefits, and the court correctly reasoned that this possible harm should not benefit the defendants because they were responsible for the Whiskers' current situation. The district court did not act in an arbitrary, unreasonable, or unconscionable manner, and we conclude the court did not abuse its discretion in ordering restitution.

## VII

[¶ 33] We conclude the record on direct appeal is inadequate to permit review of the Keeners' ineffective assistance of counsel claim, the district court did not commit obvious error in admitting Marvin and Florence Whisker's deposition testimony, the Keeners waived their right to a preliminary hearing on an amended charge for a class B felony of conspiracy to exploit a vulnerable adult, and the district court did not abuse its discretion in ordering restitution. We affirm the criminal judgments and amended criminal judgment.

[¶ 34] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.