2016 ND 13

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Cody Michael ATKINS, Defendant and Appellant.**

No. 20150211.

Supreme Court of North Dakota.

Jan. 14, 2016.

M. Jason McCarthy (argued), Assistant State's Attorney, and Meredith H. Larson (on brief), Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Kiara C. Kraus–Parr, Grand Forks, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Cody Atkins appealed from a criminal judgment after he pled guilty to gross sexual imposition. We affirm.

## I

[¶ 2] The State charged Atkins with a class AA felony for gross sexual imposition for acts that allegedly occurred in November 2013. At the probable cause hearing following Atkins' initial appearance, the State moved to amend its original information to a class A felony and amending the time of the alleged offense to September 2013. Atkins, represented by counsel at the probable cause hearing, did not object to the State's motion, and the district court allowed the State to amend its original information. The court then held an arraignment hearing, at which Atkins pled not guilty.

[¶ 3] At the pre-trial conference, Atkins informed the court he intended to change his plea. The court informed Atkins of his right to remain silent, his right to an attorney, and also informed him of the maximum and minimum penalties allowed by law, his right to a presumption of innocence, and his right to have the State prove his guilt beyond a reasonable doubt, among other rights. Atkins told the court he understood these rights. The court also informed Atkins it was not bound to accept any sentencing recommendations and could impose any sentence allowed by law. Atkins said he understood. The court told Atkins he would be unable to withdraw his guilty plea if it was accepted by the court. Atkins responded he understood. Atkins entered an open guilty plea. The court inquired whether anyone made promises to Atkins in exchange for the plea or if the plea was the product of threat, coercion, or intimidation. Atkins responded no. The court accepted Atkins' guilty plea, finding an adequate factual basis for the plea existed and Atkins gave the guilty plea voluntarily.

[¶ 4] At the sentencing hearing, the State offered its recommended sentence. The court asked for comment from Atkins' counsel and counsel informed the court he had come with a prepared argument but Atkins wished to speak for himself. Atkins began by apologizing, but proceeded to tell the court he did not commit the charged acts and admitted to doing so to protect his acquaintance. Based on these comments, Atkins' counsel told the court he was hesitant to move forward with sentencing because Atkins' comments indicated a possible desire to withdraw his plea, which counsel became aware of moments prior to the hearing. The court asked if he wanted to withdraw his plea and Atkins said he would stay with his plea and he had enough time to discuss the decision with his counsel. The court reminded Atkins it was not bound by any recommendations for sentencing, and Atkins said he understood. The court sentenced Atkins and entered an according criminal judgment.

## II

[¶ 5] On appeal, Atkins asks this Court to remand this case to the district court with an instruction allowing Atkins to withdraw his guilty plea. Atkins argues we should allow him to withdraw his plea because Atkins received ineffective assistance of counsel and the district court failed to substantially comply with N.D.R.Crim.P. 11, thereby creating a manifest injustice warranting a withdrawal. However, Atkins did not move the district court to withdraw his guilty plea. As a result, the court did not address the arguments Atkins now raises on appeal. Issues not brought before the district court are generally inappropriate for appeal. *State v. Vondal*, 2011 ND 186, ¶ 15, 803 N.W.2d 578. We accordingly decline to decide whether Atkins' counsel's conduct or the district court's alleged noncompliance with N.D.R.Crim.P. 11 justify withdrawing Atkins' guilty plea.

[¶ 6] Because Atkins appealed from the criminal judgment, we address only the issues proper for appeal. After our review, the only issue properly before us on appeal is whether Atkins received ineffective assistance of counsel. The Sixth Amendment of the United States Constitution guarantees a criminal defendant effective assistance of counsel. *State v. Keener*, 2008 ND 156, ¶ 10, 755 N.W.2d 462. In order to prevail on this claim, a defendant must show (1) counsel's representation fell below an objective standard of reasonableness and (2) the defendant was prejudiced by the deficient performance. *Id.* "This Court has often said an ineffective assistance of counsel claim should not be brought on direct appeal." *Keener*, at ¶ 13. Appellate records from original trials are often inadequate for defendants to satisfy their evidentiary burdens regarding counsel's performance and the prejudicial effects resulting therefrom. *Id.* Post-conviction proceedings provide the more appropriate forum for such claims by affording defendants a further opportunity to develop the record necessary for their claim. *Id.* Nevertheless, defendants may raise such claims on direct appeal, and when they do so "we review the record to determine if counsel was plainly defective." *Id.* On direct appeal, "[u]nless the record affirmatively shows ineffectiveness of constitutional dimensions, the complaining party must show some evidence in the record to support the claim. Representations and assertions of appellate counsel are not enough to establish a claim of ineffective assistance." *State v. Schweitzer*, 2007 ND 122, ¶ 25, 735 N.W.2d 873 (quoting *State v. Bertram*, 2006 ND 10, ¶ 39, 708 N.W.2d 913 (citation omitted in original)).

[¶ 7] Atkins contends his counsel was ineffective in multiple respects and this ineffectiveness caused him prejudice. Atkins argues his counsel should have requested a continuance to investigate defenses or alibis after the State moved to amend its original information. Atkins next argues his counsel should have offered a supplemental argument after Atkins spoke for himself at sentencing. Atkins further argues his counsel should have moved to withdraw Atkins' guilty plea based upon Atkins' comments at sentencing or alternatively asked for a continuance to determine what Atkins intended. According to Atkins, the amalgam of these alleged shortcomings caused him prejudice.

[¶ 8] The State argues there is insufficient evidence on this direct appeal to determine whether Atkins received ineffective assistance of counsel. We agree. Atkins argues some defense or alibi could have arisen from a requested continuance at the probable cause hearing. Because this is a direct appeal from the criminal judgment, he could not provide evidence of what defense or alibi would have arisen from a requested continuance, leaving us to speculate about its prejudicial effect. Although Atkins argues his counsel was deficient by not supplementing his own statements at the sentencing hearing, he could not provide evidence of what his counsel may have said in a supplementing statement, again leaving us to speculate about its prejudicial effect. Although Atkins argues his counsel was deficient because he did not move the court to withdraw the guilty plea after Atkins' statements at sentencing, any such deficiency was of limited import because Atkins informed the court he wished to stay with his plea. Finally, despite Atkins arguing counsel was ineffective because counsel should have requested a continuance to consult with Atkins about whether he wanted to withdraw his plea, Atkins could not provide evidence he had no opportunity, whether before or during the

sentencing hearing, to consult with counsel on this matter, again leaving us to speculate about its prejudicial effect.

[¶ 9] Based upon our review of the record, there is insufficient evidence to show Atkins' counsel was plainly defective. Aside from Atkins' appellate counsel's assertions and representations, there is a dearth of evidence reflecting counsel's deficient performance and, if there was, to what extent such deficiencies prejudiced Atkins. "When the record on direct appeal is inadequate to determine whether the defendant received ineffective assistance, the defendant may pursue the ineffectiveness claim at a post-conviction proceeding where an adequate record can be made." *State v. Strutz*, 2000 ND 22, ¶ 26, 606 N.W.2d 886.

### III

[¶ 10] We do not address the other arguments raised because they are unnecessary to this decision. We affirm the criminal judgment.

[¶ 11] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.