2017 ND 147

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Wesley Alan CODY, Defendant and Appellant**

**No. 20160357**

Supreme Court of North Dakota.

Filed 6/15/2017

Rehearing Denied July 21, 2017

Jeffrey P. Davis, Assistant State's Attorney, Jamestown, N.D., for plaintiff and appellee; on brief.

Benjamin C. Pulkrabek, Mandan, N.D., for defendant and appellant; on brief.

McEvers, Justice.

[¶ 1] Wesley Cody appeals the district court's order requiring Cody pay $13,455.78 in restitution as part of his sentence in a criminal matter. Cody argues, on direct appeal, that his counsel was ineffective at his restitution hearing. We conclude the record before us does not affirmatively show ineffectiveness of constitutional dimensions, and this issue is more properly pursued in a post-conviction relief proceeding. We therefore affirm, but remand for correction of the amount of restitution in the judgment.

I

[¶ 2] Cody pled guilty to two counts of theft of property, and one count each of false information or report to law enforcement, fleeing or attempting to elude a peace officer, reckless endangerment, and felony charges stemming from other related criminal cases. On September 21, 2016, a restitution hearing was held to address damages as a result of Cody's theft and damage of a 2001 GMC Sierra Duramax pickup owned by Bryon Bohnet, damage to a fence and sprinkler system owned by the City of Jamestown, and damage to a rail line owned by BNSF when he fled from police.

[¶ 3] At the restitution hearing, the State alleged $20,888.45 in damages caused by Cody including $807.86 to BNSF, $14,107.44 to Bohnet, and $5,973.15 to the City of Jamestown. The State called Bohnet to testify regarding the value of the pickup and the cost to repair the damage done by Cody. Bohnet testified the pickup

had 300,000 miles on it and claimed the pickup was worth $10,000 when Cody stole it. Bohnet provided an estimate from Puklich Chevrolet Collision Center stating the cost of repair was at least $14,107.44[1]. Bohnet testified he had already begun the repairs himself, and noted the cost of the parts on the estimate was $7,782.63. The State also called officials from the City of Jamestown and BNSF to testify regarding the damages to public property owned by Jamestown and a rail line owned by BNSF. The Jamestown city auditor provided an estimate from Newman Fence noting a $5,200 cost to remove and replace 300 feet of chain link fence. The city auditor also testified there was $473.15 in damages to a sprinkler and electrical system.

[¶ 4] Cody, represented by Scott Brand, objected to the admission of the estimate from Puklich Chevrolet, arguing the work had yet to be done, the estimate was greater than the value of the vehicle, and Bohnet should not get a "windfall" as a result of these proceedings. Brand also argued the Jamestown city auditor was unable to testify as to the work done on the fence. Brand challenged the sufficiency of the Newman estimate, arguing the State failed to provide testimony regarding the kind of work done that led to the $5,200 cost of replacing the fence. Brand did not submit independent estimates to rebut the estimates provided by the State, or provide evidence pertaining to Cody's ability to pay the restitution amount alleged by the State. The district court noted Brand failed to provide any evidence to contradict the cost to repair the City of Jamestown's fence or the value of Bohnet's pickup, found the cost to repair Bohnet's pickup was less than the diminution of value, and ordered Cody to pay $13,455.78 in restitu-

tion to Bohnet and the City of Jamestown. The court declined to order restitution for the damage to the rail line owned by BNSF. Cody appealed.

## II

[¶ 5] Cody argues, on direct appeal, that Brand's assistance was ineffective at his restitution hearing. Cody cites a post-conviction relief case to support his claim that the standard of review for a direct appeal alleging ineffective assistance of counsel is a question of law, fully reviewable on appeal. *See Middleton v. State*, 2014 ND 144, ¶ 6, 849 N.W.2d 196. However, the standard of review for a direct appeal of an ineffective assistance of counsel claim is well-established:

To establish an ineffective assistance of counsel claim, the defendant must show the representation fell below an objective standard of reasonableness and there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. Generally, ineffective assistance of counsel claims should be raised in post-conviction proceedings, during which an evidentiary record can be made. However, we examine the entire record when an ineffective assistance of counsel claim is raised on direct appeal. A conviction will not be reversed unless the record reveals the assistance of counsel was plainly defective and requires such reversal.

Unless the record affirmatively shows ineffectiveness of constitutional dimensions, the defendant must provide the court with some evidence in the record to support the claim. Some form of proof is required, and the representations and assertions of new counsel are not

---

1. Bohnet testified Puklich Chevrolet stopped calculating the cost to repair the pickup once they determined the vehicle was "totaled."

enough. . . . [W]ithout a record scrutinizing the reasons underlying counsel's conduct, adjudging it subpar is virtually impossible.

*State v. Hayek*, 2004 ND 211, ¶ 5, 689 N.W.2d 422 (quoting *State v. Causer*, 2004 ND 75, ¶ 19, 678 N.W.2d 552). " 'When the record on direct appeal is inadequate to determine whether the defendant received ineffective assistance, the defendant may pursue the ineffectiveness claim at a post-conviction proceeding where an adequate record can be made.' " *State v. Keener*, 2008 ND 156, ¶ 13, 755 N.W.2d 462 (quoting *State v. Schweitzer*, 2007 ND 122, ¶ 28, 735 N.W.2d 873).

[¶ 6] " 'Generally, ineffective assistance of counsel claims should be raised in post-conviction proceedings[.]' " *Hayek*, 2004 ND 211, ¶ 5, 689 N.W.2d 422 (quoting *Causer*, 2004 ND 75, ¶ 19, 678 N.W.2d 552). In *State v. Strutz*, Strutz argued ineffective assistance of counsel on direct appeal claiming his counsel elicited prior crimes' evidence during Strutz's direct examination, and failed to object to the prosecutor's statements referring to Strutz as a burglar. 2000 ND 22, ¶ 24, 606 N.W.2d 886. Regarding his ineffective assistance of counsel claim on direct appeal, this Court stated:

The record before us was developed to prove the offenses with which Strutz was charged, not for his ineffective assistance claim; therefore, we are not able to discern from the record whether trial counsel's decision to elicit testimony from Strutz about his prior conviction was truly ineffective assistance or a legitimate trial strategy. The same is true for trial counsel's failure to object to the prosecutor's improper statements and questioning regarding other uncharged burglaries. Thus, based on this record, Strutz cannot establish that his trial counsel's conduct fell below an objective

standard of reasonableness or that it is reasonably probable the result of his trial would have been different but for his counsel's alleged errors.

*Id.* at ¶ 27.

[¶ 7] Similar to *Strutz*, the record before this Court was not developed for an ineffective assistance of counsel claim. The record was developed to establish the measure of damages in a restitution hearing. In his brief on appeal, Cody concedes "[o]nly attorney Brand knows why he didn't during the restitution hearing offer evidence and testimony that Mr. Cody didn't have the ability to pay restitution." It is impossible to discern from the record why Brand did not submit independent evidence to rebut the State's estimates of the value of Bohnet's pickup or the cost to replace the City of Jamestown's fence. The record reflects Brand filed a sentencing memorandum prepared for the original sentencing judge which indicated Cody was willing to pay full restitution in hopes of making his victims whole. Without more information we are also unable to discern why Brand made no argument regarding Cody's ability to pay the restitution amount shown by the State.

[¶ 8] On this record, Cody cannot establish whether Brand's conduct fell below an objective standard of reasonableness or that it is reasonably probable the result of his restitution hearing would have been different but for Brand's alleged errors. Cody does not allege and the record before us does not show ineffectiveness of constitutional dimensions. " 'When the record on direct appeal is inadequate to determine whether the defendant received ineffective assistance, the defendant may pursue the ineffectiveness claim at a post-conviction proceeding where an adequate record can be made.' " *Keener*, 2008 ND 156, ¶ 13, 755 N.W.2d 462 (quoting *Schweitzer*, 2007 ND 122, ¶ 28, 735 N.W.2d 873). Whether

Brand's representation fell below an objective standard of reasonableness is more properly pursued in a post-conviction relief proceeding.

### III

[¶ 9] We affirm the district court's restitution order. We note that the district court did not amend the criminal judgment after issuing the restitution order, and the restitution amounts included in the criminal judgment are not correct. We remand for the district court to enter an amended criminal judgment to correct the amount of restitution.

[¶ 10] Lisa Fair McEvers

Daniel J. Crothers

Carol Ronning Kapsner

Zane Anderson, S.J.

Gerald W. VandeWalle, C.J.

[¶ 11] The Honorable Zane Anderson, S.J., sitting in place of Tufte, J., disqualified.