2017 ND 274

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Adam Jacob ANDERSON, Defendant and Appellant**

No. 20170197

Supreme Court of North Dakota.

Filed 12/7/2017

Ryan J. Younggren, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee; on brief.

Nicholas D. Thornton and James A. Teigland, Fargo, ND, for defendant and appellant; on brief.

Per Curiam.

[¶ 1] Adam Anderson appeals from a criminal judgment entered after he pled guilty to gross sexual imposition, aggravated assault—domestic violence, and felonious restraint.

[¶ 2] Anderson argues his guilty plea was involuntary because the district court did not substantially comply with N.D.R.Crim.P. 11. Anderson did not move the district court to withdraw his guilty plea, and therefore raised his arguments about the voluntariness of his guilty plea for the first time on appeal. Issues that were not raised before the district court generally are not appropriate for appeal. *State v. Atkins*, 2016 ND 13, ¶ 5, 873 N.W.2d 676.

[¶ 3] Anderson also claims he received ineffective assistance of counsel. Ineffective assistance of counsel claims generally should be raised in a post-conviction proceeding to allow the parties to fully develop the record necessary for the claim, *Atkins*, 2016 ND 13, ¶ 6, 873 N.W.2d 676. When a claim is raised in a direct appeal, we review the record to determine if counsel's performance was plainly defective. *Id.* Based on the record, we cannot conclude Anderson's counsel was plainly defective, but he may pursue the ineffective assistance claim in post-conviction proceedings where an adequate record can be made.

[¶ 4] We affirm under N.D.R.App.P. 35.1(a)(7). *See Atkins*, 2016 ND 13, 873 N.W.2d 676.

[¶ 5] Gerald W. VandeWalle, C.J.

Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

Jerod E. Tufte