FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
SEPTEMBER 30, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 174

State of North Dakota,                                    Plaintiff and Appellee

v.

Jacqueline Carol Demerais,                        Defendant and Appellant

## No. 20210012

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Rachel R. Egstad, State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Alexander F. Reichert, Grand Forks, ND, for defendant and appellant.

**State v. Demerais**
**No. 20210012**

**VandeWalle, Justice.**

[¶1]   Jacqueline Demerais appealed from a criminal judgment convicting her of aggravated assault. Demerais argues the evidence at trial was insufficient to support her conviction for aggravated assault. We conclude that the verdict is supported by substantial evidence. We summarily affirm under N.D.R.App.P. 35.1(a)(3).

[¶2]   Demerais also argues, on direct appeal, that she received ineffective assistance of counsel at trial because her attorney failed to make proper objections and failed to request a less-included charge. In addressing ineffective assistance of counsel claims on direct appeal, we noted:

> [A]n ineffective assistance of counsel claim should not be brought on direct appeal. Ineffective assistance of counsel claims are best brought in a post-conviction relief proceeding where the parties are able to fully develop the record. When a claim is raised on direct appeal, we review the record to determine if counsel was plainly defective. When the record on direct appeal is inadequate to determine whether the defendant received ineffective assistance, the defendant may pursue the ineffectiveness claim at a post-conviction proceeding where an adequate record can be made.

*State v. Keener*, 2008 ND 156, ¶ 13, 755 N.W.2d 462 (internal citations and quotations omitted).

[¶3]   We conclude the record is not adequate to determine Demerais' ineffective assistance of counsel claim, but the issue may be pursued in a post-conviction proceeding where an adequate record can be made. *See State v. Atkins*, 2016 ND 13, ¶ 9, 873 N.W.2d 676; *State v. Blurton*, 2009 ND 144, ¶ 21, 770 N.W.2d 231.

[¶4]   We affirm the criminal judgment.

[¶5]   Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte