# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 217

State of North Dakota,

Plaintiff and Appellee

v.

Carolyn Nelson,

Defendant and Appellant

## No. 20230038

Appeal from the District Court of Benson County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

James P. Wang, State's Attorney, Minnewaukan, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Carolyn Nelson appeals from a criminal judgment entered after a bench trial for the crime of accomplice to theft. We affirm, concluding the evidence is sufficient to sustain the conviction. We decline to address issues Nelson did not raise in the district court or brief on appeal under the obvious error standard of review.

I

[¶2]   Nelson was the president of the Oberon School Board. Laura Schnieber-Bruns and her business, Victim Survivor the Voice, LLC, were engaged to perform services for the school. The exact nature of the services was disputed, but an agreement signed by Nelson and Schnieber-Bruns described the work as "investigate, research, compile and deliver ongoing actions request of the Oberon School Board." The agreement specified a "set-up fee" of $7,500, an "on-going management" fee of $7,500, and a $200 hourly rate for "services outside the scope of this Agreement." Schnieber-Bruns was later charged with class A felony theft for taking more than $150,000 from the Oberon School "through a deceptive scheme pursuant to" the agreement. She pleaded guilty by an *Alford* plea.

[¶3]   The State charged Nelson as an accomplice to the theft. At the bench trial, the State presented evidence of a pattern of instances where either Nelson or Schnieber-Bruns submitted invoices to the school's business manager with little detail and demanded quick payment. The business manager testified Schnieber-Bruns was initially paid by checks approved and hand delivered by Nelson, but later Nelson instructed the business manager to issue direct deposit payments to Schnieber-Bruns' bank account. The business manager testified she raised concerns about payments being made to Schnieber-Bruns before being authorized by the school board, but Nelson dismissed her concerns. Nelson acknowledged payments were made prior to board approval, but testified they were all ultimately approved. Nelson admitted Schnieber-Bruns gave her money at a casino, but she claimed the

money was for school-related purchases. Nelson also admitted Schnieber-Bruns gave her daughter a loan. At the close of the State's case, Nelson moved for acquittal and argued no evidence established she knew of the theft or intentionally caused it to happen. The court denied her motion, found her guilty, and sentenced her to ten years of imprisonment with roughly nine years suspended. Nelson appeals.

## II

[¶4]  Nelson raises multiple issues that were not argued to the district court or briefed on appeal under the obvious error standard of review. She asserts she was convicted of an incognizable offense, the case should have been dismissed under the civil dispute doctrine, and as a school board member she was a victim of Schnieber-Bruns' fraud and thus cannot be held liable as an accomplice. When an issue is not raised in the district court, we may opt to exercise our power to consider the issue under the obvious error standard of review, but we do so cautiously and only in "exceptional situations" to correct "serious injustice." *State v. Landrus*, 2022 ND 107, ¶ 6, 974 N.W.2d 676. To establish an obvious error, the appellant must show (1) error; (2) that is plain; and (3) affects the defendant's substantial rights." *Id.* Nelson did not claim these unraised issues constitute obvious error until she was questioned at oral argument. We decline to address these issues because Nelson failed to raise them in the district court, did not brief them under the obvious error standard of review, and provided no meaningful analysis at argument as to whether they constitute obvious error.

## III

[¶5]  Nelson argues the evidence is insufficient to sustain the conviction. Our standard for reviewing the sufficiency of evidence is the same for both a bench trial and a jury trial. *City of Napoleon v. Kuhn*, 2015 ND 75, ¶ 14, 860 N.W.2d 460.

> "When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the trier of fact to draw an inference reasonably tending to prove guilt and fairly warranting

a conviction. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses. . . . A trier of fact may find a defendant guilty even though evidence exists which, if believed, could lead to a verdict of not guilty."

*Id.* (alteration omitted) (quoting *State v. Romero*, 2013 ND 77, ¶ 24, 830 N.W.2d 586).

[¶6]   Nelson asserts the evidence is insufficient to prove she knew Schnieber-Bruns' invoices for services were fraudulent and, absent such knowledge, nothing proves she intentionally aided Schnieber-Bruns in committing theft by deception. We are not convinced. The State presented evidence that Nelson frequently requested large payments be made to Schnieber-Bruns prior to approval of the board, Nelson knew what work Schnieber-Bruns was actually performing, the two had a close relationship, and Nelson accepted money from Schnieber-Bruns. Schnieber-Bruns' daughter testified Nelson and Schnieber-Bruns were friends. Nelson admitted Schnieber-Bruns gave both her and her daughter money. The school business manager testified Nelson was "pretty much in charge and telling [Schnieber-Bruns] what to do" and Schnieber-Bruns "did everything with [Nelson's] permission." Many of the invoices Nelson approved were admitted into evidence and included charges for thousands of dollars with little to no description of any work performed. Reviewing all evidence in the record in a light most favorable to the verdict, we conclude the evidence is sufficient to sustain the conviction.

IV

[¶7]   The criminal judgment is affirmed.

[¶8]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr

3