# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 210

State of North Dakota,                                        Plaintiff and Appellee

v.

Carl Lavin Ford,                                            Defendant and Appellant

## No. 20240074

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Renata J. Olafson Selzer, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee; on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant; on brief.

**State v. Ford**
**No. 20240074**

**McEvers, Justice.**

[¶1]   Carl Ford appeals from a criminal judgment entered after a jury found him guilty of domestic violence. Ford argues he received ineffective assistance of counsel, he was illegally extradited, his attorney and the State withheld evidence from him, and there was insufficient evidence supporting his conviction. We affirm.

I

[¶2]   Ford argues he received ineffective assistance of trial counsel because counsel failed to submit the weapon used to commit the crime for DNA testing, and failed to move to dismiss the case after receiving information that the victim wanted the case dismissed.

[¶3]   "[A] defendant claiming ineffective assistance of counsel has a heavy burden of proving (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance." *State v. Schweitzer*, 2007 ND 122, ¶ 23, 735 N.W.2d 873. Generally, we do not address ineffective assistance of counsel claims on direct appeal where the record is inadequate:

> [A]n ineffective assistance of counsel claim should not be brought on direct appeal. Ineffective assistance of counsel claims are best brought in a post-conviction relief proceeding where the parties are able to fully develop the record. When a claim is raised on direct appeal, we review the record to determine if counsel was plainly defective. When the record on direct appeal is inadequate to determine whether the defendant received ineffective assistance, the defendant may pursue the ineffectiveness claim at a postconviction proceeding where an adequate record can be made.

*State v. Glaum*, 2024 ND 47, ¶ 16, 4 N.W.3d 540 (quoting *State v. Keener*, 2008 ND 156, ¶ 13, 755 N.W.2d 462).

1

[¶4]   We conclude the record is inadequate to determine Ford's ineffective assistance of counsel claims, but the issue may be pursued in a postconviction proceeding where an adequate record can be made. *See Glaum*, 2024 ND 47, ¶ 17; *State v. Demerais*, 2021 ND 174, ¶ 3, 964 N.W.2d 730.

II

[¶5]   Ford argues he was illegally extradited from Iowa to North Dakota to stand trial, his attorney and the State withheld evidence from him, and there was insufficient evidence supporting his conviction for domestic violence. We conclude Ford's extradition argument fails because the relief he seeks—reversal of the judgment of conviction—is not a proper remedy in the case of an irregular extradition. *See Frisbie v. Collins*, 342 U.S. 519, 522 (1952) ("[T]he power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'"); *State v. Mees*, 272 N.W.2d 284, 287 (N.D. 1978) ("The rule is well settled that an illegal arrest is not grounds for dismissing a complaint or precluding trial of a defendant. Nor will an illegal arrest void a subsequent conviction."). Because Ford did not raise the issue concerning withholding evidence in the district court, or brief the issue on appeal under the obvious error standard of review, we decline to address the issue. *State v. Nelson*, 2023 ND 217, ¶ 4, 997 N.W.2d 849. Viewing the evidence in the light most favorable to the verdict, we conclude substantial evidence supports the verdict. We summarily affirm under N.D.R.App.P. 35.1(a)(3) and (7).

III

[¶6]   The criminal judgment is affirmed.

[¶7]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr