**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Javier LUNA–MUNOZ, Defendant—
Appellant.**

No. 05–50883.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2007.*

Filed July 11, 2007.

Becky S. Walker, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Brent G. Tabacchi, AUSA, USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Arthur H. Weed, Santa Barbara, CA, for Defendant–Appellant.

Before: SILVERMAN, W. FLETCHER, and CLIFTON, Circuit Judges.

**MEMORANDUM** **

Javier Luna–Munoz appeals his conviction and 46–month sentence following his guilty plea to being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. He argues that the guilty plea should be set aside because at the change-of-plea hearing, the district court misadvised him with regard to the potential defense of necessity. We affirm.

Rule 11 of the Federal Rules of Criminal Procedure does not require a district court to inform the defendant of potential justification defenses—or to rule them out—before accepting a guilty plea. *See United States v. Broce,* 488 U.S. 563, 573–74, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Furthermore, the district court here did not "misadvise" Luna–Munoz about the necessity defense. In fact, the defense was not discussed at all. Given the length of time Luna–Munoz remained in this country after obtaining physical custody of his daughter, any necessity defense (if it ever existed) had become unavailable. In this case, the court merely informed the defendant, and correctly so, that the crime to which he was pleading guilty was a general intent offense, and that the motive for committing it is not relevant to guilt, but could be considered for purposes of sentencing.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.