# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 48

Michael Allen Brockmeyer,                                      Plaintiff and Appellant

v.

Angela Joy Brockmeyer,                                                    Defendant

and

State of North Dakota,                              Statutory Real Party in Interest

## No. 20220192

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Jay D. Knudson, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Jacey L. Johnston (argued) and Olivia A. Jureidini (on brief), Grand Forks, ND, for plaintiff and appellant.

**McEvers, Justice.**

[¶1]  Michael Brockmeyer appeals from a district court order denying his motion to modify his joint residential responsibility to primary residential responsibility.  He argues the district court erred as a matter of law by finding best interest factors a, b, d, f, g, and k favor neither party.  He also argues the court erred by applying the endangerment standard of N.D.C.C. § 14-09-06.6 after the parties waived that provision in their stipulated divorce agreement. He also argues the court erred by declining to modify residential responsibility because of facts unknown to the court at the time the court entered the original divorce judgment based on their stipulated agreement.  Finally, he argues the court erred by allowing various witnesses to assert their Fifth Amendment privilege against self-incrimination at trial.  We affirm.

I

[¶2]  Michael and Angela Brockmeyer were married in 2010 and have two minor children and one adult child.  A divorce action was initiated in November 2020.  The parties stipulated to joint residential responsibility of the children, and judgment was entered in February 2021.  In August 2021, Michael Brockmeyer moved to modify joint residential responsibility arguing Angela Brockmeyer was mentally unstable, and moved for an interim order.  The court held a hearing on Michael Brockmeyer's motion for an interim order on September 1, 2021, and denied the motion.  On September 15, 2021, the district court entered an order finding a prima facie case for modification of custody. After the parties were unable to reach an agreement in mediation, an evidentiary hearing was held on March 29, 2022.  The court denied Michael Brockmeyer's motion.  He appeals.

II

[¶3]  Michael Brockmeyer claims the district court erred by conducting an analysis under N.D.C.C. § 14-09-06.6(3), which includes an endangerment analysis that the parties waived in writing.

1

[¶4]   The divorce judgment contains a waiver of the threshold requirements under N.D.C.C. § 14-09-06.6, but only specifically mentions subsections (5) and (6) of the statute.  The district court noted N.D.C.C. § 14-09-06.6(3) sets forth the test for changing primary residential responsibility within two years of an order establishing primary residential responsibility.  The court found Michael Brockmeyer failed to show a denial or interference with parenting time, endangerment or a change of residential responsibility for six months or longer as required under N.D.C.C. § 14-09-06.6(3).  While it appears the requirements under N.D.C.C. § 14-09-06.6(3) are similar if not identical to N.D.C.C. § 14-09-06.6(5) as stipulated to by the parties, because the court also decided the motion on alternate grounds, it is irrelevant.

[¶5]   The district court denied Michael Brockmeyer's motion to modify residential responsibility based on a detailed analysis of the best interest factors without applying the heightened statutory requirements under N.D.C.C. § 14-09-06.6(3) or (5).  Michael Brockmeyer's argument that the court erred by considering the endangerment standard in addition to the best interest factors is not necessary for this Court to address because the analysis of the best interest factors was dispositive.  *See Carlson v. State*, 2019 ND 242, ¶ 2, 933 N.W.2d 618 (holding this Court need not address questions to which the answers are unnecessary to the determination of an appeal).

III

[¶6]   Michael Brockmeyer argues the district court erred by declining to modify residential responsibility because Michael Brockmeyer knew of Angela Brockmeyer's pre-divorce conduct at the time of the original judgment, based on a stipulation to  share equal residential responsibility.

[¶7]   This Court has held pre-divorce conduct can be relevant in a custody matter when the divorce was stipulated and the district court was unaware of the facts at the time of stipulation.  *Haag v. Haag*, 2016 ND 34, ¶ 12, 875 N.W.2d 539.

[¶8] Michael Brockmeyer, relying on *Haag*, argues the district court impermissibly relied on his knowledge of Angela Brockmeyer's pre-divorce

2

conduct. *See Haag*, 2016 ND 34, ¶ 12. However, unlike *Haag*, the conduct was known to the court and the parties at the time of the prior order. In December 2020, Michael Brockmeyer submitted an affidavit in support of the equal primary residential responsibility stipulation that detailed Angela Brockmeyer's alleged self-harm attempt. The court entered its order establishing primary residential responsibility in February 2021. Therefore, the court was aware of this pre-divorce conduct at the time of stipulation, prior to the court entering its order. In addition, in *Haag,* the pre-divorce conduct was used to determine whether there was a material change of circumstances. *Id.* at ¶ 13. Here, the court considered the evidence presented in the context of the best interest factors regarding the parties physical and mental health under factor (g) and specifically held "[t]here was no evidence presented that the parties' mental health has negatively impacted the children." The court did not err by considering the parties were aware of mental health concerns at the time of the original judgment.

IV

[¶9] Michael Brockmeyer argues the district court erred by allowing witnesses at trial to assert their Fifth Amendment privilege. This issue was not raised in the district court, and Michael Brockmeyer has not argued obvious error on review. We thus conclude his argument is waived. *See State v. Thomas*, 2020 ND 30, ¶ 15, 938 N.W.2d 897 (stating a party who fails to argue obvious error on appeal waives the argument).

V

[¶10] Michael Brockmeyer argues the district court erred by denying his motion to modify primary residential responsibility. The standard of review for modifying residential responsibility is well established:

> A district court's decision on whether to modify primary residential responsibility is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if the appellate court is convinced, on the entire record, a mistake has been made.

3

…Under the clearly erroneous standard of review, this Court will not "reweigh the evidence, reassess the credibility of witnesses, or substitute its own judgment for a district court's initial decision."

*Stoddard v. Singer,* 2021 ND 23, ¶¶ 6-7, 954 N.W.2d 696 (quoting *Vandal v. Leno*, 2014 ND 45, ¶ 6, 843 N.W.2d 313) (citations omitted).

[¶11] The district court made detailed findings under the best interest factors when denying Michael Brockmeyer's motion to modify residential responsibility. After a review of the entire record, we conclude the court's findings were not clearly erroneous and we are not left with a definite and firm conviction a mistake has been made. We affirm under N.D.R.App.P. 35.1(a)(2).

VI

[¶12] We affirm the district court's denial of Michael Brockmeyer's motion to modify residential responsibility.

[¶13] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr