**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**NOVEMBER 24, 2023**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 213

State of North Dakota,                                    Plaintiff and Appellee

　　　v.

Charles Deverek Brame,                              Defendant and Appellant

## No. 20230024

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Bradley A. Cruff, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Megan E. Kummer, State's Attorney, Wahpeton, ND, for plaintiff and appellee; submitted on brief.

Laura C. Ringsak, Bismarck, ND, for defendant and appellant; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Charles Deverek Brame pleaded guilty to two counts of sexual assault in violation of N.D.C.C. § 12.1-20-07(1)(e). On appeal[1], Brame seeks to withdraw his guilty pleas because the district court failed to explicitly ask him whether he was entering his plea voluntarily or whether his plea resulted from force, threats, or promises. *See* N.D.R.Crim.P. 11(b)(2). A Rule 11 error does not automatically lead to reversal. We conclude that a defendant who failed to first raise the alleged error in the district court must show a Rule 11 violation's impact on substantial rights before we will undo a guilty plea. Because Brame did not show the alleged violation had an impact on his substantial rights, we affirm the criminal judgment.

I

[¶2]   On March 11, 2022, Brame was charged with two counts of sexual assault and delivery of an alcoholic beverage to a person under the age of 21 years. On March 14, 2022, Brame signed a notification of rights and acknowledgment form. During his initial appearance, the district court read to Brame the charges against him, informed him of the maximum possible penalty for each charge, and advised Brame of his right to be represented by counsel. The court did not advise Brame of any other rights afforded to a criminal defendant.

[¶3]   Brame pleaded not guilty and waived his right to a preliminary hearing. The district court confirmed that Brame had not been threatened or coerced into waiving his right to a preliminary hearing. The court did not advise Brame of any other rights.

---

[1] We remanded to provide the State an opportunity to file any relevant transcripts which may show the district court substantially complied with Rule 11 of the North Dakota Rules of Criminal Procedure. *State v. Brame*, 2023 ND 121, ¶ 1, 993 N.W.2d 338.

[¶4] Brame appeared for a pretrial conference hearing, and advised the district court he would like to enter a plea of guilty. The State moved to dismiss the delivery of alcohol charge leaving open the two counts of sexual assault. The parties also informed the court that a joint sentencing proposal had been reached. The court read Brame the charges and entered into the following exchange with Brame:

THE COURT: Okay. So. Mr. Brame, count 1, sexual assault—

MR. KRASSIN: —just a second your Honor. (Private conversation with client.) Okay. Thank you.

THE COURT: Count 1, sexual assault, a class C felony. How do you plead?

MR. BRAME: Guilty your Honor.

THE COURT: Count 2, same charge, a class C felony. How do you plead?

MR. BRAME: Guilty your Honor.

THE COURT: Are your pleas voluntary and knowing?

MR. BRAME: Yes.

THE COURT: Factual basis Ms. Kummer.

MS. KUMMER: Okay. It looks like on March 8 of 2022 Jane Doe went to the Wahpeton Police Department to report that she had been sexually assaulted by her step-father earlier on March 8, in the city of Wahpeton, Richland County. Jane Doe's step-father was identified as Mr. Charles Brame, who is the defendant who appears before you. She told officers that on the morning of March 8 the defendant told her that he was going to take her shopping for clothes. Jane Doe then stated that she and the defendant drove to a store where the defendant purchased alcohol. Jane Doe stated while she and the defendant were in the car he began touching her breasts and thighs over her clothing and he told her to spread her legs apart. This incident took place in the city of Wahpeton. Jane

2

Doe was between the ages of 15 and 17 years old at the time. That's count 1.

Count 2 is that on that same date, place, and circumstances, here in the city of Wahpeton, after that incident took place in the vehicle, he then took her to the AmericInn and booked a hotel room. The AmericInn is also located in the city of Wahpeton, Richland County. Once inside the hotel room the defendant removed her clothing and he removed his own clothing. He then told Jane Doe to drink the alcohol provided to her. He then performed oral sex on Jane Doe. The defendant also penetrated Jane Doe's vagina, both digitally and with his penis. He then— Jane Doe told an officer that she told the defendant multiple times that it hurt and that he needed to stop but he refused to stop.

Jane Doe's mother told an officer that after speaking with Jane Doe, she went to the hotel and found the defendant naked. Jane Doe's mother stated that the defendant told her that the [sic] wanted to make Jane Doe a woman. During this time, Jane Doe was between the ages of 15 and 17 years old.

THE COURT: Do you agree with that factual basis Mr. Krassin?

MR. KRASSIN: We certainly don't agree on some of the details but we do agree that the charges that have been filed, that some of the conduct met each of those—one is sexual contact and the other is sexual act.

THE COURT: I'll find sufficient factual basis for the charges. Find your pleas of guilty to be voluntary and knowing. I'll accept them. And you can go either way—sentencing and then victim impact.

[¶5]  At the conclusion of the victim impact statements, the district court adopted the joint recommendation and sentenced Brame to thirty months with credit for time served. Brame appealed.

II

[¶6]  Brame argues the district court violated N.D.R.Crim.P. 11(b) by failing to inform him of the rights under Rule 11(b). "Before accepting a guilty plea,

3

the court must advise the defendant of certain rights under N.D.R.Crim.P. 11." *State v. Magnuson,* 1997 ND 228, ¶ 16, 571 N.W.2d 642. The advice required to be given by Rule 11 is mandatory and binding on the court. *State v. Schumacher,* 452 N.W.2d 345, 346 (N.D. 1990). Although Rule 11 does not require any ritualistic, predetermined formality by the trial court, the court must substantially comply with the procedural requirements of the rule to ensure the defendant is entering a voluntary plea of guilty. *State v. Hoffarth,* 456 N.W.2d 111, 113-14 (N.D. 1990).

[¶7]  Rule11(b), N.D.R.Crim.P., provides:

> (1) The court may not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(b)] in open court, informing the defendant of and determining that the defendant understands the following:
>
> > (A) the right to plead not guilty, or having already so pleaded, to persist in that plea;
> >
> > (B) the right to a jury trial;
> >
> > (C) the right to be represented by counsel at trial and at every other stage of the proceeding and, if necessary, the right to have the counsel provided under Rule 44;
> >
> > (D) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
> >
> > (E) the defendant's waiver of these trial rights if the court accepts a plea of guilty;
> >
> > (F) the nature of each charge to which the defendant is pleading;
> >
> > (G) any maximum possible penalty, including imprisonment, fine, and mandatory fee;

(H) any mandatory minimum penalty;

(I) the court's authority to order restitution; and

(J) that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

(2) Ensuring That a Plea is Voluntary. Before accepting a plea of guilty, the court must address the defendant personally in open court, unless the defendant's presence is not required under Rule 43(b)(2) or (c), and determine that the plea is voluntary and did not result from force, threats, or promises other than promises in a plea agreement. The court must also inquire whether the defendant's willingness to plead guilty results from discussion between the prosecuting attorney and the defendant or the defendant's attorney.

[¶8] "A trial court is not required to readvise a defendant of each of his rights at a change of plea hearing, provided the court determines that the defendant was properly advised at arraignment, and that the defendant now recalls that advice." *State v. Gunwall*, 522 N.W.2d 183, 185 (N.D. 1994). "It is sufficient to satisfy due process if the defendant's knowledge of his rights is clearly reflected from the whole record." *Id.*

[¶9] Brame concedes he did not challenge in the district court the court's compliance with Rule 11 nor did he move to withdraw his guilty pleas. When a party in a criminal case fails to raise an issue in the district court, our review on appeal is limited to determining whether there has been obvious error. N.D.R.Crim.P. 52(b); *State v. Henes,* 2009 ND 42, ¶ 7, 763 N.W.2d 502; *State v. Keener,* 2008 ND 156, ¶ 16, 755 N.W.2d 462. "To establish obvious error, a defendant must demonstrate '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *State v. Myers,* 2009 ND 141, ¶ 10, 770 N.W.2d 713 (quoting *State v. Gibbs*, 2009 ND 44, ¶ 12, 763 N.W.2d 430); *Henes,* at ¶ 8. An alleged error must be a clear deviation from an applicable legal rule under current law to constitute obvious error. *State v. Blurton,* 2009 ND 144, ¶ 8, 770 N.W.2d 231; *Keener,* at ¶ 16.

[¶10] While Brame's written acknowledgement of rights and the information provided during earlier hearings satisfied the requirements of Rule 11(b)(1), Brame is able to demonstrate an error because the district court did not comply with Rule 11(b)(2) at the pretrial conference when his pleas of guilty were accepted. Rule 11(b)(2) requires the court to "determine that the plea is voluntary and did not result from force, threats, or promises other than promises in a plea agreement" and "inquire whether the defendant's willingness to plead guilty results from discussion between the prosecuting attorney and the defendant or the defendant's attorney."

[¶11] Here, Brame must show the error was plain. "A 'plain' error is a 'clear' or 'obvious' deviation from current law." *State v. Landrus*, 2022 ND 107, ¶ 10, 974 N.W.2d 676 (quoting *State v. Olander*, 1998 ND 50, ¶ 14, 575 N.W.2d 658). Plea discussions resulted in Brame agreeing to plead guilty in exchange for dismissal of the delivery of alcohol charge and the parties' joint sentencing proposal. The district court did not enter into an exchange with Brame to confirm that he had not been threatened or coerced into entering the pleas. The court did not determine whether Brame had been promised anything in exchange for his pleas of guilty. The court did not inquire whether Brame's willingness to plead guilty resulted from discussion between the prosecuting attorney and Brame or Brame's attorney.

[¶12] In discussing the requirements of Rule 11(b)(2), formerly Rule 11(c), we have noted "[t]he purpose of the inquiry required by the second sentence of Rule 11(c), N.D.R.Crim.P., is for the trial court to ascertain whether the plea of guilty is the result of plea negotiations." *State v. Beckman*, 1999 ND 54, ¶ 11, 591 N.W.2d 120. "Where the trial court is so alerted, it must make additional inquiry to satisfy the concerns of the second sentence of Rule 11(c)." *State v. Farrell*, 2000 ND 26, ¶ 18, 606 N.W.2d 524.

[¶13] The district court did not inquire whether any promise had been made to Brame or inquire into Brame's understanding of any agreement leading to his change of plea. *Farrell*, 2000 ND 26, ¶ 18. This was a clear deviation from the requirements of Rule 11 and constitutes plain error.

6

[¶14] Despite concluding the district court committed a Rule 11 violation, Brame fails to satisfy the third obvious error prong—an effect on substantial rights. *State v. Hoehn*, 2019 ND 222, ¶ 24, 932 N.W.2d 553. "If an error does not affect the defendant's substantial rights, then it must be disregarded." *Id.* (citing N.D.R.Crim.P. 52(a)). In order to affect substantial rights, an error must have been prejudicial, or affected the outcome of the proceeding. *State v. Erickstad*, 2000 ND 202, ¶ 22, 620 N.W.2d 136. The defendant bears the burden of showing the alleged error was prejudicial. *State v. Patterson*, 2014 ND 193, ¶ 4, 855 N.W.2d 113; *see also United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004) (To prove that an error has affected substantial rights, a defendant must show "a reasonable probability that, but for the error, he would not have entered the plea.").

[¶15] On appeal, Brame does not argue that his plea was in fact involuntary or that it resulted from force, threats, or promises. Brame does not argue he had in any way been misled or prejudiced as a result of the plea negotiations nor does he assert he would have declined to plead guilty if the district court had asked the Rule 11(b)(2) questions. The record does not show that Brame was incompetent to plead guilty or that he was vulnerable to coercion.

[¶16] We do not conclude that Brame has shown a reasonable probability that compliance with Rule 11 would have led to a different plea. Any Rule 11 violation therefore failed to affect his substantial rights. *See United States v. Delgado-Ramos*, 635 F.3d 1237, 1241 (9th Cir. 2011) ("[B]ecause [the defendant] does not assert on appeal that he would not have entered the plea but for the district court's alleged error, he has not demonstrated the probability of a different result and thus cannot show that the district court's action affected his substantial rights." (cleaned up)). "When our rule is derived from a federal rule, we may look to the federal courts' interpretation or construction of identical or similar language as persuasive authority for interpreting our rule." *State v. Trevino*, 2011 ND 232, ¶ 9, 807 N.W.2d 211 (citing *State v. Runck*, 534 N.W.2d 829, 831 (N.D. 1995)); *State v. Jenkins*, 326 N.W.2d 67, 69-70 n.4 (N.D. 1982); *State v. Rueb*, 249 N.W.2d 506, 510 (N.D. 1976); *see also* N.D.R.Crim.P. 2, explanatory note.

[¶17] Based on the full record before us, Brame failed to establish his plea of guilty was not voluntary or intelligently entered, or that the district court's failure to comply with Rule 11(b)(2) affected Brame's substantial rights.

### III

[¶18] Brame has failed to support his claim that the district court's failure to comply with N.D.R.Crim.P. 11(b)(2) amounted to obvious error requiring reversal of his convictions. We affirm the judgment.

[¶19] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr