# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 222

State of North Dakota,                                    Plaintiff and Appellee

v.

Cassidy Cody Johnson,                                    Defendant and Appellant

### No. 20240156

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Tiffany M. Sorgen, Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Alexander F. Reichert, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Cassidy Cody Johnson appeals from the district court's criminal judgment convicting him of gross sexual imposition, and possession of certain materials prohibited. Johnson also claims ineffective assistance of counsel. We affirm.

I

[¶2]   In August 2024 Johnson was charged with gross sexual imposition (sexual act-victim under 15-defendant at least 22), luring minors by computer (defendant 22 or older-believes victim under 15), and possession of certain materials prohibited. Johnson and the State ultimately came to a plea agreement, which was described to the district court as follows:

> "[Johnson will] plead guilty to Counts I and III. Count I would be 50 years, first served [sic] 25 years, the balance suspended for lifetime supervised probation[, s]ex offender registration requirements, pay any court costs[, h]ave no contact with Jane Doe, and distance provisions if requested. On Count III, five years flat time, forfeiture of all electronic devices seized containing CSAM, CSAM for destruction, sex offender registration requirement. Those two counts will run concurrent. In addition, Burleigh County is not going to prosecute."

The agreement also contemplated dismissing Count II-luring minors by computer. After confirming Johnson understood the agreement and wanted to move forward with his guilty plea, the district court accepted the plea agreement and imposed the sentence. Judgment was entered and Johnson timely appealed.

II

[¶3]   Johnson claims the district court erred by sentencing him to 25 years on the GSI charge, by imposing an unreasonable lifetime no contact order and lifetime sexual offender registration because it failed to apply mitigating factors in accordance with N.D.C.C. § 12.1-32-04, and failed to follow N.D.R.Crim.P. 11 to ensure his plea was knowing and voluntary. Johnson also claims his trial

counsel was ineffective by not negotiating a better plea agreement or taking the case to trial to secure a better outcome for him.

A

[¶4]   Johnson argues the district court abused its discretion by sentencing him to 50 years with 25 years suspended for the GSI charge and 5 concurrent years for possession of certain materials prohibited.

[¶5]   This Court applies the abuse of discretion standard of review to sentencing cases. *State v. Hamilton*, 2023 ND 233, ¶ 9, 999 N.W.2d 214. Our review is limited to "whether the [district] court acted within the statutorily prescribed sentencing limits or substantially relied on an impermissible factor." *State v. Thomas*, 2020 ND 30, ¶ 17, 938 N.W.2d 897 (quoting *State v. Clark*, 2012 ND 135, ¶ 18, 818 N.W.2d 739). An impermissible factor may be a misinterpretation of a statute or penalization for exercising a constitutional right. *See Hamilton*, at ¶ 12; *see, e.g., State v. Hass*, 268 N.W.2d 456, 464 (N.D. 1978) (holding that a decision stemming from a trial court that "substantially relied upon" impermissible factors must be remanded).

[¶6]   Johnson's 25 year sentence on the GSI charge and 5 year sentence on the materials charge were the result of a negotiated plea agreement, which was accepted by the district court. N.D.R.Crim.P. 11(c)(1)(C). Johnson was sentenced according to the plea agreement. "Unless the defendant proves that withdrawal is necessary to correct a manifest injustice, the defendant may not withdraw a plea of guilty after the court has imposed sentence." *Id*. at 11(d)(2). Here, Johnson did not move to withdraw his plea or attempt to establish a manifest injustice would grow out of the court's acceptance of the plea agreement. *See* N.D.R.Crim.P. 11(d) (withdrawal of guilty plea). Therefore, Johnson has failed to show the district court abused its discretion by following the plea agreement Johnson agreed upon.

B

[¶7] Johnson argues the district court abused its discretion by imposing a lifetime sexual offender registration requirement. Johnson concedes the sentence was within the statutory bounds and within the scope of the plea agreement.

[¶8] Johnson claimed for the first time during oral argument on appeal that the lifetime registration requirement was an illegal sentence because the attorney general did not impose the registration sentence as required under N.D.C.C. § 12.1-32-15(8)(c). North Dakota Rules of Appellate Procedure 28(b)(7)(A) requires the appellant's brief to contain arguments and citations to authorities on which the appellant relies. Johnson now relies on the district court's failure to follow N.D.C.C. § 12.1-32-15(8)(c) but did not make this argument in his brief on appeal.

[¶9] "The parties have the primary duty to bring to the court's attention the proper rules of law applicable to a case." *State v. Noack*, 2007 ND 82, ¶ 8, 732 N.W.2d 389. "[W]e do not consider issues raised for the first time at oral argument on appeal." *Roise v. Kurtz*, 1998 ND 228, ¶ 10, 587 N.W.2d 573. "Issues raised on appeal should be fully briefed, with a fair and adequate opportunity for response from opposing parties." *Id.* (citing *RLI Insurance Co. v. Heling*, 520 N.W.2d 849, 854 (N.D. 1994)). This principle is grounded in due process and is calculated to provide the opposing party with notice and opportunity to respond. We therefore decline to review Johnson's argument about lifetime sexual offender registration.

C

[¶10] Johnson argues the district court abused its discretion by imposing the lifetime no contact order and the lifetime sexual offender registration requirement because the court failed to adequately consider several mitigating factors.

[¶11] First, we assume without deciding, that a district court must consider the sentencing factors in N.D.C.C. § 12.1-32-04 when sentencing a defendant after accepting a plea agreement that provides for the precise sentence imposed by the court. Second, even if applicable, the factors are merely guidelines, and "[n]othing [in N.D.C.C. § 12.1-32-04] shall be deemed to require explicit reference to these factors . . . by the court at sentencing." Third, Johnson acknowledged in

his brief on appeal that "the judge went through each factor individually and discussed how this weighed in favor or against leniency in his sentencing."

[¶12] In the face of this record, Johnson argues the district court "misapplied" certain factors by not giving them more or less weight. His argument falls far short of his burden on appeal of showing the court acted outside "the statutorily prescribed sentencing limits or substantially relied on an impermissible factor." *Thomas*, 2020 ND 30, ¶ 17. We therefore reject Johnson's claim that the court abused its discretion in imposing terms of the agreed upon sentence.

## III

[¶13] Johnson argues the district court erred by not substantially complying with N.D.R.Crim.P. 11 in accepting his plea agreement.

[¶14] Before accepting a guilty plea, a district court must substantially comply with N.D.R.Crim.P. 11 by advising the defendant of his or her rights. *State v. Magnuson*, 1997 ND 228, ¶ 16, 571 N.W.2d 642. The advice required to be given by Rule 11 is mandatory and binding on the court. *State v. Schumacher*, 452 N.W.2d 345, 346 (N.D. 1990). Although Rule 11 does not require a ritualistic and predetermined presentation, the court must substantially comply with the requirements of the rule to ensure the defendant is entering a voluntary guilty plea. *State v. Hoffarth*, 456 N.W.2d 111, 113-14 (N.D. 1990).

[¶15] When a defendant does not object to a district court's alleged failure to substantially comply with N.D.R.Crim.P. 11, or fails to withdraw his or her guilty plea before taking a direct appeal, our review on appeal is limited to determining whether the court committed obvious error. *State v. Brame*, 2023 ND 213, ¶ 9, 997 N.W.2d 858. "To establish obvious error, a defendant must demonstrate (1) error, (2) that is plain, and (3) that affects substantial rights." *Id*. (cleaned up). However, a party generally must brief and argue obvious error before this Court will consider that claim. *Brockmeyer v. Brockmeyer*, 2023 ND 48, ¶ 9, 987 N.W.2d 671 (holding an issue is waived when not raised in the district court and not argued as obvious error on appeal); *Thomas*, 2020 ND 30, ¶ 15 (stating a party who fails to argue obvious error on appeal waives the argument).

[¶16] Johnson did not object to the district court's N.D.R.Crim.P. 11 advisory and did not move to withdraw his guilty plea. Nor did he argue on appeal that the court obviously erred in administering the N.D.R.Crim.P. 11 advisory. Therefore, he waived appellate review of this claim.

IV

[¶17] Johnson claims his trial counsel was ineffective because he negotiated an unreasonable plea agreement. Claims of ineffective assistance of counsel on direct appeal generally are not appropriate.

> "Ineffective assistance of counsel claims are best brought in a post-conviction relief proceeding where the parties are able to fully develop the record. When a claim is raised on direct appeal, we review the record to determine if counsel was plainly defective. When the record on direct appeal is inadequate to determine whether the defendant received ineffective assistance, the defendant may pursue the ineffectiveness claim at a post-conviction proceeding where an adequate record can be made."

*State v. Demerais*, 2021 ND 174, ¶ 2, 964 N.W.2d 730 (quoting *State v. Keener*, 2008 ND 156, ¶ 13, 755 N.W.2d 462); *see also State v. Ford*, 2024 ND 210, ¶ 4, __N.W.3d__ (holding that while ineffective assistance of counsel claims are not appropriate on direct appeal due to inadequate availability of the record, claims may be brought in a postconviction proceeding).

[¶18] Because the record does not plainly establish Johnson received constitutionally ineffective assistance of counsel, we decline to address the issue.

V

[¶19] The district court did not err in sentencing Johnson according to his plea agreement and did not violate N.D.R.Crim.P. 11 by accepting Johnson's change of plea. We decline to address Johnson's ineffective assistance of counsel claim on direct appeal. The judgment is affirmed.

[¶20] Jon J. Jensen, C.J.
    Daniel J. Crothers

Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr