# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 178

State of North Dakota,                                    Plaintiff and Appellee

v.

David Chambers, Jr.,                                      Defendant and Appellant

### No. 20250108

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Ariston E. Johnson (argued) and Aaron Weber (on brief), Assistant State's Attorneys, Watford City, ND, for plaintiff and appellee.

Jamie L. Schaible, Fargo, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   David Chambers appeals from a judgment following guilty pleas to one count of attempted murder under N.D.C.C. § 12.1-16-01(1)(a) and two counts of reckless endangerment under N.D.C.C. § 12.1-17-03. Chambers seeks to withdraw his guilty plea to the attempted murder charge and asserts it was an obvious error to accept his guilty plea because: (1) the factual basis established at the plea hearing was inadequate for the attempted intentional murder charge; (2) he was allowed to enter a guilty plea to the non-cognizable offense of attempt to commit knowing murder; and (3) the district court failed to comply with the notice requirements of N.D.R.Crim.P. 11(c)(3)(B). We affirm the judgment.

I

[¶2]   On October 2, 2023, Chambers entered the lobby of the Tumbleweed Inn in Alexander, ND, and fired one shot from a .22 caliber rifle in the direction of two females, one of whom had been in an intimate relationship with Chambers ("Jane Doe 1") and the other a close family member of the first ("Jane Doe 2"). The bullet narrowly missed Jane Doe 1's head. Chambers was intoxicated at the time. The Inn's security camera caught most of the incident. While the video itself is not part of the record, the affidavit of probable cause contains a detailed description of the conduct depicted in the video.

[¶3]   Chambers was charged with two counts of attempted murder—intentional or knowing, one count of reckless endangerment, one count of unlawful possession of a firearm, and one count of domestic violence assault. The attempted murder counts allege Chambers "intentionally or knowingly engaged in conduct which, in fact, constituted a substantial step towards intentionally or knowingly causing the death of Jane Doe 1 . . . ."

[¶4]   Chambers pleaded guilty through a "capped open plea" to the attempted murder charge under Count I and amended charges of reckless endangerment under Counts II and III. Under the "capped open plea," the attorneys explained

the State would be "asking for [a] 20 [year sentence]," and the defense attorney "can ask for whatever [he] wants."

[¶5]   When providing a factual basis for the plea, the State referenced both the intentional and knowingly allegations from the information as follows:

> On or about October 2nd, 2023, here in McKenzie County, Mr. Chambers intends to knowingly engage in [conduct], which in fact constituted a substantial step towards intentionally, knowingly causing the death of Jane Doe [1] by shooting a [.]22 caliber long rifle at her, nearly missing her head. There was also, in regards to the reckless endangerment, Jane Doe 2 was right next to Jane Doe 1, who was nearly shot by the round as well. And he discharged that rifle inside a hotel where other guests and occupants resided, endangering them and exhibiting a significant indifference for human life.

[¶6]   When the district court asked Chambers to confirm the factual basis for his guilty plea, he responded: "I honestly, honestly don't even remember. I was so intoxicated, I couldn't even give you a hundred percent honest answer." After a short recess, the court told Chambers the case would have to go to trial if he could not agree to a factual basis for the three charges to which he would be pleading guilty. In response to the court's indication the case would have to proceed to trial, Chambers' defense attorney replied: "We have a workaround. He was just trying to be forthright with the Court. He has watched the video surveillance of it, and we thought of that after you left. He's watched the video surveillance and can confirm that the video shows the factual basis, as the State alleges." Chambers, after additional questioning, stated: "Yes. I [have] seen the video[,]" after which the court was satisfied with the factual basis for the guilty plea and accepted it.

II

[¶7]   Chambers concedes his appeal is governed by the obvious error standard under N.D.R.Crim.P. 52(b) because he did not object in district court. *See State v. Littleghost*, 2025 ND 65, ¶ 5, 18 N.W.3d 858. To satisfy the obvious error standard, Chambers must show "(1) error, (2) that is plain, and (3) the error affects

2

substantial rights." *Id.* (quoting *State v. Miller*, 2001 ND 132, ¶ 25, 631 N.W.2d 587). An error only affects substantial rights when it is "prejudicial, or affected the outcome of the proceeding." *State v. Erickstad*, 2000 ND 202, ¶ 22, 620 N.W.2d 136. Chambers has the burden of showing an alleged error is prejudicial. *Id.*

III

[¶8]   Chambers challenges the sufficiency of the factual basis for his guilty plea. He argues that the State's reference to both the cognizable offense of attempted intentional murder and the non-cognizable offense of attempted knowing murder when discussing the factual basis for the plea creates a possibility that he pled guilty to a non-cognizable offense. *See, e.g., Pemberton v. State*, 2021 ND 85, ¶¶ 13-14, 959 N.W.2d 891 (explaining that attempted knowing murder is a non-cognizable offense and that the State must prove an actual intent to kill for an attempted murder charge). Chambers asserts that his affirmation of his conduct after watching the hotel video was only acknowledging a factual basis for the non-cognizable offense of attempted knowing murder rather than the cognizable offense of attempted intentional murder.

[¶9]   We previously addressed a similar ambiguity by concluding it simply meant a defendant had pleaded guilty "to both a cognizable and a non-cognizable offense." *Byrd v. State*, 2025 ND 55, ¶ 15, 18 N.W.3d 836. In *Byrd*, we considered whether there was a sufficient factual basis to support the guilty plea to the cognizable offense and determined that, if there was a sufficient factual basis for the cognizable offense, a guilty plea to the non-cognizable offense would be harmless error. *Id.* We concluded that the error in *Byrd* was harmless, *id.*, and therefore the defendant had failed to show the error had affected his substantial rights.

[¶10] The video evidence provides detailed evidence of Chambers's intentional conduct before, during, and after he fired the shot at Jane Doe 1. While intoxication may be relevant to whether a person committed the cognizable offense of attempted intentional murder, intoxication is not in and of itself a defense that negates the intent element. *See* N.D.C.C. § 12.1-04-02(1); *see also Erickstad*, 2000 ND 202, ¶ 25 ("Although voluntary intoxication is not

3

exculpatory in itself, where an offense requires proof of a specific intent, intoxication may be considered in determining whether such intent existed."). There is a sufficient factual basis to support a guilty plea to the cognizable offense of attempted intentional murder, and Chambers did not meet his burden of showing his substantial rights were prejudiced under the obvious error standard of review.

IV

[¶11] Chambers also argues the district court failed to advise him of the right to withdraw his guilty plea in accordance with N.D.R.Crim.P. 11(c)(3)(B). Subdivision (c) provides the format for the acceptance of a plea agreement and applies when the parties present a joint recommendation to the court on a proposed sentence. During the hearing, the State clearly indicated it was seeking a 20-year sentence and that Chambers was free to argue for a different sentence. Chambers entered an open plea, without the benefit of an agreement with the prosecutor to recommend any particular sentence. We conclude that Rule 11(c)(3)(B) does not apply in the absence of a plea agreement.

V

[¶12] Chambers did not satisfy his burden of showing that any alleged errors in the district court's factual basis inquiry were prejudicial. Additionally, because Chambers entered an open plea, without a plea agreement, the requirements of Rule 11(c)(3)(B) did not apply. We affirm the judgment.

[¶13] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr