# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2026 ND 23

State of North Dakota,

Plaintiff and Appellee

v.

Cazmere G. Haskins,

Defendant and Appellant

### No. 20250091

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Sarah W. Gereszek, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Monty G. Mertz, Fargo, ND, for defendant and appellant.

**Bahr, Justice.**

[¶1]   Cazmere Haskins appeals from an amended judgment sentencing him to forty years of imprisonment following his guilty plea to one count of murder in violation of N.D.C.C. § 12.1-16-01(1). Haskins contends his guilty plea was not knowing, voluntary, and intelligent because the plea colloquy failed to satisfy the requirements of N.D.R.Crim.P. 11(b). Haskins also contends his forty-year sentence constitutes cruel and unusual punishment in violation of his Eighth Amendment rights. We affirm.

I

[¶2]   On March 7, 2024, Haskins stabbed Anfernee Economy with a knife in the chest during an altercation between two groups of young people in an apartment building parking lot in Grand Forks, North Dakota. Economy died because of the stab wound. Haskins was seventeen years old at the time.

[¶3]   After the State charged him with murder, with the assistance of counsel, Haskins pleaded guilty based on a plea agreement. Under the plea agreement, the parties agreed to a sentence of sixty years with twenty years suspended, but Haskins was permitted to request a downward departure for a sentence as low as fifteen years.

[¶4]   During the plea hearing, the district court explained a plea agreement was filed, confirmed Haskins had enough time to discuss the terms of the plea agreement with his counsel, and asked, "How, then, do you plead to Count 1, which alleges murder on or about March 7th of this year in Grand Forks County, a Class AA felony[?]" After Haskins responded, "Guilty," the court established Haskins had not been threatened to plead guilty, was pleading guilty voluntarily, understood he was waiving his right to trial and to confront witnesses, and that sentencing would be all that remained if he pleaded guilty. Then the court asked Haskins if he admitted he "committed the crime of murder on March 7th of 2024 in Grand Forks County, North Dakota, as charged in the Information?" Haskins responded, "Yes, Your Honor." The court accepted

1

Haskins's plea, found it voluntary, and found "a sufficient factual basis for it." The court ordered a presentence investigation.

[¶5]   Haskins did not object to the adequacy of the Rule 11 plea colloquy in the district court, or to the sufficiency of the factual basis for the plea. Nor did Haskins move to withdraw his guilty plea under N.D.R.Crim.P. 11(d)(1)(B)(ii) prior to sentencing.

[¶6]   At the sentencing hearing, the district court noted it reviewed the presentence investigation, the victim impact statements, and the sentencing memorandum filed by the State and Haskins. The court heard testimony from a detective, during which the court reviewed videos of the offense, victims, and three defense character witnesses. The State and Haskins, through his counsel, then presented argument regarding sentencing. Next, Haskins's gave a statement to the court. The court sentenced Haskins to sixty years with twenty years suspended, consistent with the plea agreement and without granting Haskins a downward departure. The court's comments at sentencing indicated some of the factors the court considered were that Haskins was the only one who brought a weapon to the fight, how Haskins bragged about the stabbing and how tough he was on social media afterwards, and that Haskins posted pictures of the bloody knife on social media. The court noted Haskins's age, but stated most 17- and 18-year-olds "are smart enough not to stab someone and then brag about it online[.]" The court explained, "Had you been any older, Mr. Haskins, it would have been a no-brainer life without parole. You'd never get out."

II

[¶7]   On appeal, Haskins contends the district court's "167-word colloquy was not sufficient to ensure th[at] Haskins knowingly and voluntarily pled guilty." He relies on N.D.R.Crim.P. 11(b) and cases addressing Rule 11 to support his argument. Haskins's argument focuses on his age at the time of the change of plea hearing, his "colorable self-defense claim," and his "long standing mental health conditions." Due to his age, colorable self-defense claim, and mental health conditions, Haskins argues the court "should have taken extra precaution

2

to ensure" he was entirely aware of the action he was taking. Haskins also challenges the court's finding there was a factual basis for his guilty plea.

[¶8] Haskins did not move to withdraw his guilty plea or question the sufficiency of the Rule 11 colloquy in the district court, triggering review under the obvious error standard. *State v. Johnson*, 2024 ND 222, ¶ 15, 14 N.W.3d 597 ("When a defendant does not object to a district court's alleged failure to substantially comply with N.D.R.Crim.P. 11, or fails to withdraw his or her guilty plea before taking a direct appeal, our review on appeal is limited to determining whether the court committed obvious error."). Haskins must show "(1) error, (2) that is plain, and (3) the error affects substantial rights." *State v. Littleghost*, 2025 ND 65, ¶ 5, 18 N.W.3d 858 (quoting *State v. Miller*, 2001 ND 132, ¶ 25, 631 N.W.2d 587). To be obvious, an error must be a "clear or obvious deviation from an applicable legal rule." *State v. Ahmed*, 2025 ND 211, ¶ 6 (quoting *State v. Watts*, 2024 ND 158, ¶ 7, 10 N.W.3d 563). "An error only affects substantial rights when it is 'prejudicial, or affected the outcome of the proceeding.'" *State v. Chambers*, 2025 ND 178, ¶ 7, 26 N.W.3d 700 (quoting *State v. Erickstad*, 2000 ND 202, ¶ 22, 620 N.W.2d 136). Haskins has the burden of showing an alleged error is prejudicial. *Id.*

[¶9] Rule 11 contains a list of ten items of which a district court must inform a defendant, and then determine the defendant understands, before accepting a guilty plea. *See* N.D.R.Crim.P. 11(b)(1). "The purpose of the procedure outlined in Rule 11(b) is to ensure that the defendant is fully aware of the consequences of a guilty plea before he enters his plea." *Kremer v. State*, 2020 ND 132, ¶ 15, 945 N.W.2d 279 (quoting *State v. Peterson*, 2019 ND 140, ¶ 6, 927 N.W.2d 74). "Rule 11 provisions are mandatory and substantial compliance is required to ensure a defendant knowingly and voluntarily enters a guilty plea. However, Rule 11 does not require any ritualistic, predetermined formality by the trial court." *State v. Brame*, 2023 ND 121, ¶ 4, 993 N.W.2d 338 (cleaned up). "A trial court is not required to readvise a defendant of each of his rights at a change of plea hearing, provided the court determines that the defendant was properly advised at arraignment, and that the defendant now recalls that advice." *State v. Brame*, 2023 ND 213, ¶ 8, 997 N.W.2d 858 (quoting *State v. Gunwall*, 522 N.W.2d 183, 185 (N.D. 1994)).

3

[¶10] The record reflects that the district court advised Haskins of all the rights required by Rule 11(b), confirmed he had time to discuss his guilty plea with counsel, had not been threatened to plead guilty (i.e., the plea was voluntary), understood he was waiving his right to trial and to confront witnesses, and that sentencing would be all that remained. Although the record does not reflect the court reminded Haskins during the plea hearing about what occurred at his initial appearance—where the court advised Haskins that he was charged with a class AA felony, explained the maximum punishment, and read Haskins his rights in accordance with N.D.R.Crim.P. 11(b)—Haskins does not argue on appeal that this defect constituted an obvious error, and thus we decline to address it.[1] *See State v. Nelson*, 2023 ND 217, ¶ 4, 997 N.W.2d 849 (declining to address issues when a party "failed to raise them in the district court, did not brief them under the obvious error standard of review, and provided no meaningful analysis at argument as to whether they constitute obvious error"); *cf. Bay v. State*, 2003 ND 183, ¶ 14, 672 N.W.2d 270 (refusing to address whether the trial court should have permitted the defendant to withdraw his guilty plea because the court did not inform him of the maximum and any mandatory minimum punishment required by Rule 11(b)(2) when the defendant failed to raise the issue in the district court).

## A

[¶11] Haskins argues the district court's plea colloquy did not sufficiently probe his age, education, mental capacity, background and experience, given the fact that he was only eighteen years old at the time of the plea hearing (and seventeen years old at the time of his offense). Haskins cites *State v. Hendrick*, 543 N.W.2d 217 (N.D. 1996), to support his argument.

---

[1] Haskins also signed a waiver of preliminary hearing in which he acknowledged he previously appeared in court and was fully informed of his rights and understands his rights; he received a copy of the information, has been informed of the nature of the charge against him, and understands the charge against him; and has been informed of and understands the maximum and minimum penalties that may be imposed if he is convicted or pleads guilty to the offense.

[¶12] In *Hendrick*, the defendant moved to withdraw his guilty plea. Addressing Hendrick's assertion "a manifest injustice occurred because the sentencing court did not assure that [he] was competent to waive counsel and enter a plea," we wrote, "The age, education, and mental capacity of the defendant, his background and experience, and his conduct at the time of the alleged waiver are probative factors bearing on whether an accused has validly waived counsel and pled guilty." 543 N.W.2d at 220, 221. However, we also noted "Hendrick's guilty plea was made before the United States Supreme Court decided *Boykin v. Alabama*, 395 U.S. 238 [] (1969), and before the North Dakota Rules of Criminal Procedure became effective in 1973." *Id.* at 219. The current requirements under N.D.R.Crim.P. 11 are distinct from the pre-*Boykin* standard. *Id.*; *see also State v. Vogel*, 325 N.W.2d 184, 186 (N.D. 1982) ("Because Vogel's plea was made before the North Dakota Rules of Criminal Procedure became effective, the requirements of Rule 11 do not apply"). Rule 11's current requirements apply to Haskins's guilty plea.

[¶13] Haskins has not pointed to any language in N.D.R.Crim.P. 11 that requires a court specifically address a defendant's age, education, mental capacity, background, or experience. Haskins also cites no cases where this Court, under the current Rule 11 standard, has required a heightened discussion of a defendant's age, education, mental capacity, background, or experience. Because Haskins has not demonstrated the district court made "a clear deviation from an applicable legal rule under current law," Haskins has not met his burden of showing obvious error. *State v. Olander*, 1998 ND 50, ¶ 14, 575 N.W.2d 658.

B

[¶14] Haskins argues the factual basis for the plea was inadequate because he had a "colorable self-defense claim" and the district court did not inquire whether he had discussed this or other possible defenses with his attorney. Haskins cites no legal authority to support his argument. He does not cite any language in N.D.R.Crim.P. 11 or cases that require a court address potential defenses before accepting a guilty plea.

5

[¶15] Rule 11(b)(3), N.D.R.Crim.P., requires the court "determine that there is a factual basis for the plea." Under our case law, "[t]he court must find that the factual basis satisfies all elements of the crime charged." *Littleghost*, 2025 ND 65, ¶ 6. Rule 11 does not require the court inquire or determine whether the defendant has a "colorable" claim of self-defense.

[¶16] In *State v. Lium*, 2008 ND 232, 758 N.W.2d 711, the defendant argued the district court abused its discretion by denying his motion to withdraw his guilty plea. The court found, among other things, that Lium did not raise any defenses at the change of plea hearing. *Id.* ¶ 8. We held the court "did not err in finding Lium did not raise any defenses." *Id.* ¶ 20. We also stated, "[T]he mere assertion of a legal defense is insufficient; the defendant must present a credible claim of legal innocence." *Id.* (quoting *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007)).

[¶17] Although procedurally different, *Lium's* holding provides guidance. Like Lium's failure to present a credible claim of self-defense in support of his motion to withdraw his guilty plea, Haskins failed to call the district court's attention to his "colorable" defense during the change of plea hearing, or in a presentencing motion to withdraw his guilty plea under N.D.R.Crim.P. 11(d)(1)(B)(ii). Neither Haskins nor his counsel mentioned any evidence at the change of plea hearing that might support a self-defense claim.

[¶18] Rule 11, N.D.R.Crim.P., is adopted from, and like F.R.Crim.P. 11. *State v. Fischer*, 2024 ND 29, ¶ 13, 3 N.W.3d 142. Thus, federal courts' interpretation of federal rule 11 is entitled to great weight when we interpret our Rule 11. *Id.* Federal courts have generally held courts are not required to inquire about possible affirmative defenses (or defenses in general) during a Rule 11 plea colloquy. For example, in *United States v. Ortiz*, 927 F.3d 868, 877 (5th Cir. 2019), the court stated "[o]ur cases have generally approached post-plea sufficiency challenges by comparing the factual basis to the offense elements. We have not taken it upon ourselves, nor required district courts, to scan for possible affirmative defenses." "Further inquiry whenever a potentially viable defense emerges is doubtless good practice, but the court has no duty under Rule 11(f) to anticipate or detect, and then rule out, defenses[.]" *United States v. Smith*, 160 F.3d

117, 123 (2d Cir. 1998). Thus, Rule 11 "requires an adequate factual basis for a guilty plea; it does not require the judge to replicate the trial that the prosecutor and defendant entered a plea agreement to avoid." *United States v. Lumpkins*, 845 F.2d 1444, 1451 (7th Cir. 1988); s*ee also Dismuke v. United States*, 864 F.2d 106, 107 (11th Cir. 1989) ("Nothing in Rule 11 requires the trial judge to inform the defendant of every possible defense he may have."); *United States v. Luna-Munoz*, 234 F. App'x 762, *1 (9th Cir. 2007) ("Rule 11 of the Federal Rules of Criminal Procedure does not require a district court to inform the defendant of potential justification defenses—or to rule them out—before accepting a guilty plea."); *cf. People v. Holmes*, 32 Cal.4th 432, 441, 84 P.3d 366, 372 (2004) ("It is not necessary for the trial court to interrogate the defendant about possible defenses to the charged crime . . . nor does the trial court have to be convinced of defendant's guilt.").

[¶19]  In *United States v. Broce,* 488 U.S. 563, 565 (1989), the United States Supreme Court held defendants' double jeopardy challenge was foreclosed by their guilty pleas and the judgments of conviction. The Court stated, "Our decisions have not suggested that conscious waiver is necessary with respect to each potential defense relinquished by a plea of guilty. Waiver in that sense is not required." *Id.* at 573. It explained, "Relinquishment derives not from any inquiry into a defendant's subjective understanding of the range of potential defenses, but from the admissions necessarily made upon entry of a voluntary plea of guilty." *Id.* at 573-74. The Court stated "[t]he trial court complied with Rule 11 in ensuring that respondents were advised that, in pleading guilty, they were admitting guilt and waiving their right to a trial of any kind." *Id.* at 574; *cf. State v. Greene*, 2025 ND 10, ¶ 6, 16 N.W.3d 188 ("Generally, a guilty plea waives all non-jurisdictional claims and defenses." (quoting *State v. Legare*, 2019 ND 276, ¶ 9, 935 N.W.2d 773)); *State v. Magnuson*, 1997 ND 228, ¶ 10, 571 N.W.2d 642 ("A defendant's voluntary guilty plea generally waives constitutional, procedural, and statutory defenses to the charge.").

[¶20] Haskins has not pointed to any applicable legal rule under current law suggesting the district court had an obligation to inquire whether he had discussed possible defenses with his attorney or to conclude Haskins did not

7

have "colorable" defenses to the charge. Haskins has not met his burden of showing obvious error. *See Olander*, 1998 ND 50, ¶ 14.

C

[¶21] Haskins challenges the court's finding there was a factual basis for his guilty plea. He asserts the court's colloquy "does not provide a factual basis for the guilty plea." Later, he argues, "The court's colloquy with Haskins at the plea hearing does not comply with N.D.R.Crim.P. 11. The court failed in numerous critical respects to obtain a voluntary, knowing and intelligent guilty plea. . . . It does not explore a factual basis for the guilty plea."

1

[¶22] In *Littleghost*, this Court addressed N.D.R.Crim.P. 11(b)(3)'s requirement the district court determine "that there is a factual basis for the plea" before entering judgment on a guilty plea. 2025 ND 65, ¶ 6. We explained Rule 11's requirement the court make an inquiry to ensure that there is a factual basis for the plea is mandatory. *Id.* We further stated "[t]he court must find that the factual basis satisfies all elements of the crime charged." *Id.* We then explained some of the important purposes served by requiring the district court determine there is a factual basis for a guilty plea, including ensuring "the defendant is guilty of the charged crime." *Id.* ¶ 7 (quoting *State v. Glaser*, 2015 ND 31, ¶ 27, 858 N.W.2d 920).

[¶23] Next, we explained how courts establish a factual basis for a plea:

> "To establish a factual basis for the plea, the court must ascertain 'that the conduct which the defendant admits constitutes the offense charged.'" *Eaton v. State*, 2011 ND 35, ¶ 8, 793 N.W.2d 790 (quoting *Froistad [v. State]*, 2002 ND 52, ¶ 19, 641 N.W.2d 86). "The court accepting the plea should compare the elements of the crime charged to the facts admitted to by the defendant." *Kremer v. State*, 2020 ND 132, ¶ 17, 945 N.W.2d 279 (quoting *Froistad*, ¶ 19); *see also State v. Blurton*, 2009 ND 144, ¶ 16, 770 N.W.2d 231 ("The defendant must admit to conduct in the factual basis that constitutes the charged offense and the court should compare each element of the charged offense to the facts the defendant admits.").

*Littleghost*, 2025 ND 65, ¶ 8.

[¶24] After discussing various ways a court may establish a factual basis, we stated:

> While a district court may consider many sources to determine a factual basis for a plea, a guilty plea is insufficient to support a criminal conviction. *United States v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992). "The factual basis cannot be implied from the fact that the defendant entered a plea, but must appear on the face of the record and 'must be precise enough and sufficiently specific' to demonstrate that the accused committed the charged criminal offense." *Id.* (quoting *United States v. Johnson,* 546 F.2d 1225, 1226 (5th Cir. 1977)).

*Littleghost*, 2025 ND 65, ¶ 13.

[¶25] When assessing whether a district court complied with N.D.R.Crim.P. 11(b)(3), this Court only considers facts the court relied on; the record "must contain the basis for the court's determination a factual basis exists." *Littleghost*, 2025 ND 65, ¶ 14. The district court "must put on the record the basis of its determination a factual basis exists for the guilty plea so this Court can meaningfully review the court's determination." *Id.* ¶ 16.

[¶26] Here, the district court did not substantially comply with N.D.R.Crim.P. 11(b)(3) when it determined a factual basis existed for Haskins's guilty plea. The court simply asked Haskins if he admitted he "committed the crime of murder on March 7th of 2024 in Grand Forks County, North Dakota, as charged in the Information?" The court did not read the factual allegations in the information; it did not ask if Haskins admitted he committed the conduct alleged in the information. Thus, the court did not ascertain what conduct Haskins admitted he did that constitutes the offense of murder. The court did not compare the elements of the crime of murder to facts admitted by Haskins. It could not because Haskins did not admit to any specific conduct. Rather, he agreed he committed the crime of murder.

[¶27] Haskins's admission he committed murder is equivalent to his guilty plea. Neither are sufficient to support a criminal conviction; neither are sufficiently specific to demonstrate Haskins committed the crime of murder. *Littleghost*, 2025 ND 65, ¶ 13. The district court did not ask Haskins what he did that constituted the crime of murder. The court did not ask Haskins to describe what occurred. The court did not ask the prosecutor to make an offer of proof concerning the factual basis for the charge, and confirm Haskins agreed with the factual basis. The court did not even read the allegations in the information. Haskins did not admit to any specific conduct; the district court did not compare the elements of the crime of murder to any facts admitted by Haskins. *Id.* ¶ 8.

[¶28] The district court committed an error that is plain by deviating from N.D.R.Crim.P. 11(b)(3) in accepting Haskins's guilty plea. *Littleghost*, 2025 ND 65, ¶ 17.

2

[¶29] To obtain relief under obvious error, Haskins has the burden of showing the error affected his substantial rights. *Chambers*, 2025 ND 178, ¶ 7. "An error only affects substantial rights when it is 'prejudicial, or affected the outcome of the proceeding.'" *Id.* (quoting *Erickstad*, 2000 ND 202, ¶ 22).

[¶30] This is a direct appeal. Haskins did not move to withdraw his guilty plea. Thus, he has not made a factual record regarding what impact, if any, the district court's failure to establish an adequate factual basis had on his guilty plea.

[¶31] *Brame* was a direct appeal where the defendant sought to withdraw his guilty pleas because the district court failed to comply with N.D.R.Crim.P. 11(b)(2). 2023 ND 213, ¶ 1. We explained, "A Rule 11 error does not automatically lead to reversal." *Id.* We held the district court plea colloquy "was a clear deviation from the requirements of Rule 11 and constitutes plain error." *Id.* ¶ 13. "Despite concluding the district court committed a Rule 11 violation," we determined "Brame fail[ed] to satisfy the third obvious error prong—an effect on substantial rights." *Id.* ¶ 14. "On appeal, Brame [did] not argue that his plea was in fact involuntary or that it resulted from force, threats, or promises." *Id.* ¶ 15. He did "not argue he had in any way been misled or prejudiced as a result of the

10

plea negotiations," and he did not "assert he would have declined to plead guilty if the district court had asked the Rule 11(b)(2) questions." *Id.*

[¶32] Similarly, Haskins does not argue his plea resulted from force, threats, or promises. He does not argue there was not a factual basis for his plea. Finally, he does not assert he would not have pled guilty had the district court substantially complied with N.D.R.Crim.P. 11. Based on the record before us, Haskins has not met his burden of demonstrating the court's error affected his substantial rights. *See Brame*, 2023 ND 213, ¶ 17 ("Based on the full record before us, Brame failed to establish his plea of guilty was not voluntary or intelligently entered, or that the district court's failure to comply with Rule 11(b)(2) affected Brame's substantial rights.").

[¶33] Although the district court committed error by not complying with N.D.R.Crim.P. 11(b)(3) when it accepted Haskins's guilty plea, Haskins has not demonstrated the court's error affected his substantial rights. Therefore, it does not meet the requirement for obvious error under N.D.R.Crim.P. 52(b).

III

[¶34] Haskins argues his forty-year sentence constitutes cruel and unusual punishment in violation of his Eighth Amendment rights. More specifically, Haskins contends his sentence is grossly disproportionate to his offense.

[¶35] "The Eighth Amendment prohibits cruel and unusual punishments. A punishment in a non-capital case that is grossly disproportionate to the offense is cruel and unusual." *State v. Blue*, 2018 ND 171, ¶ 27, 915 N.W.2d 122 (quoting *State v. Gomez*, 2011 ND 29, ¶ 25, 793 N.W.2d 451). Grossly disproportionate sentences are exceedingly rare, and Eighth Amendment challenges are successful only for extreme sentences. *Id.* This Court stated:

> When a claim of disproportionality is made, the court first compares the gravity of the offense to the harshness of the penalty. If the court finds a gross disproportionality exists, then the court should compare the defendant's sentence with sentences received by other offenders in the same jurisdiction and with sentences imposed for the same crime in other jurisdictions.

11

*Gomez*, ¶ 26 (citations omitted).

[¶36] The forty-year sentence imposed here does not satisfy the first step of a disproportionality analysis because the harshness of the sentence falls within the range of appropriate sentences given the gravity of the offense. The maximum penalty for the offense of murder, a class AA felony, is life imprisonment without parole. *See* N.D.C.C. § 12.1-32-01(1); N.D.C.C. § 12.1-16-01(1). "By making [murder] a class AA felony, the Legislature has indicated this is a very serious crime and one society has a great interest in deterring. [Haskins] committed a serious offense that causes substantial harm." *Gomez*, 2011 ND 29, ¶ 27.

[¶37] The forty-year sentence is not only less than a life sentence, but also within the range contemplated by the plea agreement (albeit at the top end of that range). *See, e.g.*, *State v. Nelson*, 2023 ND 246, ¶ 6, 999 N.W.2d 632 ("[T]his Court exercises a limited review of the discretion of the sentencing court when the term of imprisonment is within the range authorized by statute."). Thus, although the district court could have imposed a lesser sentence due to Haskins's age and lack of maturity, it did not abuse its discretion when it did not do so. *See State v. Henes*, 2009 ND 42, ¶ 6, 763 N.W.2d 502 ("This Court will vacate a district court's sentencing decision only if the court . . . substantially relied on an impermissible factor in determining the severity of the sentence."). A sentence within the range contemplated by the plea agreement itself is generally not grossly disproportionate under an Eighth Amendment analysis.

[¶38] Because the forty-year sentence imposed by the district court does not satisfy the first step of an Eighth Amendment disproportionality claim, it is unnecessary to compare the defendant's sentence with sentences received by other offenders in North Dakota or with sentences imposed for the same crime in other jurisdictions.

[¶39] Haskins's forty-year sentence is not grossly disproportionate to his offense and does not constitute cruel and unusual punishment in violation of the Eighth Amendment.

## IV

[¶40] Haskins failed to demonstrate the district court's failure to comply with N.D.R.Crim.P. 11(b)(2) amounts to obvious error requiring reversal of his conviction. His forty-year sentence does not constitute cruel and unusual punishment under the Eighth Amendment. The amended criminal judgment is affirmed.

[¶41]  Lisa Fair McEvers, C.J.
         Daniel J. Crothers
         Jerod E. Tufte
         Jon J. Jensen
         Douglas A. Bahr